159 F.3d 80
 In the Matter of the Application to Compel Arbitration
Between S & R COMPANY OF KINGSTON, a New York
General Partnership, and Hartford Fire
Insurance Company,
Petitioners-Appellants,
v.
LATONA TRUCKING, INC., Respondent-Appellee.
 Docket No. 97-9236.
 United States Court of Appeals,
Second Circuit.
 Argued April 24, 1998.
Decided Oct. 21, 1998.
 
 Mark T. Walsh, Gleason, Dunn, Walsh & O'Shea, Albany, N.Y., for Petitioners-Appellants.
 J. Scott Greer, Lewis & Greer, P.C., Poughkeepsie, N.Y., for Respondent-Appellee.
 Before: WALKER and CALABRESI, Circuit Judges, and RESTANI,* Judge.
 JOHN M. WALKER, JR., Circuit Judge:
 
 
 1
 Petitioners-appellants S & R Company of Kingston ("S & R") and Hartford Fire Insurance Company ("Hartford") appeal from the September 8, 1997, judgment of the United States District Court for the Northern District of New York (Thomas A. McAvoy, Chief Judge ) denying their petition to compel arbitration under Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, on the ground that they waived their right to arbitration by engaging in extensive pre-trial litigation to the prejudice of respondent-appellee Latona Trucking, Inc. ("Latona").
 
 
 2
 AFFIRMED.
 
 BACKGROUND
 
 3
 In July 1995, Latona entered into a contract with S & R,[1] the owner and developer of a construction project at the Hudson Valley Plaza in Kingston, New York. Latona was to perform site work on the construction project. The contract between S & R and Latona contained an arbitration clause that provided:
 
 
 4
 In the event any dispute arises between the Parties relative to this contract which cannot be resolved by the Parties within thirty (30) days from the date first noticed, the Parties agree to refer the dispute to an arbitrator in accordance with the rules of the American Arbitration Association.
 
 
 5
 Hartford was the surety on a payment bond obtained by S & R to secure payment of the contract price to Latona. The payment bond included a clause incorporating the contract into the bond, which read as follows:
 
 
 6
 WHEREAS, PRINCIPAL [S & R] has entered into a contract with OBLIGEE [Latona] dated July 12, 1995, designated as Phase 1+ Site Work ... which is made a part hereof as fully as if copied verbatim herein.
 
 
 7
 Disputes arose between the parties regarding work completion and payments. On February 20, 1996, Latona commenced an action in the district court to collect $650,000 from Hartford under the payment bond as a result of S & R's alleged failure to make payments due under the contract. In answering the complaint, Hartford did not include "arbitration and award" as an affirmative defense.
 
 
 8
 On June 28, 1996, a stipulation and consent order was filed allowing S & R to intervene as a defendant. Latona thereafter served an amended complaint seeking to recover attorney's fees from S & R, pursuant to New York General Obligations Law § 5-322.3, for failure to file the payment bond with the County Clerk. In answering the amended complaint, neither Hartford nor S & R pleaded "arbitration and award" as an affirmative defense. Moreover, S & R counterclaimed against Latona alleging breach of contract.
 
 
 9
 The action continued with all parties actively participating in the discovery process, which included extensive document production, numerous interrogatories, and several depositions. The parties also negotiated and filed a Joint Civil Case Management Plan, resorted to the court to resolve discovery disputes, and participated in two settlement conferences. On June 5, 1997, the assigned magistrate judge held a telephone conference regarding petitioners' request to substitute counsel. During the course of that conference, petitioners' new attorneys moved for an order to extend the May 15, 1997 deadline for filing pre-trial motions. Specifically, petitioners intended, inter alia, to apply for a stay of the proceedings pending enforcement of the arbitration clause contained in the contract. By an order dated June 6, 1997, the magistrate judge granted petitioners' request for substitution of counsel, but denied their request for leave to file pre-trial motions, and the action was scheduled for trial on October 20, 1997.
 
 
 10
 Petitioners appealed the magistrate judge's order to the district court and also filed an independent petition, pursuant to 9 U.S.C. § 4, to compel arbitration of the pending action. In its Memorandum Decision and Order dated September 8, 1997, denying the petition to compel arbitration, the district court held that S & R and Hartford had waived their right to arbitration by actively participating for 15 months in pre-trial litigation, including extensive discovery, to the prejudice of Latona. See S & R Co. v. Latona Trucking, Inc., 984 F.Supp. 95, 101-03 (N.D.N.Y.1997).
 
 
 11
 Petitioners raise three arguments on appeal to this court: (1) that the district court erred in not referring the issue of waiver to the arbitrator; (2) that petitioners did not engage in sufficient litigation or sufficiently prejudice Latona to warrant a finding of waiver; and (3) that the "no waiver" clause found in the arbitration rules precludes a finding of waiver. For the following reasons, we affirm the district court's denial of petitioners' motion to compel arbitration.
 
 DISCUSSION
 
 12
 I. Propriety of District Court Deciding Issue of Waiver
 
 
 13
 At the outset, petitioners argue that the district court should not have decided the issue of waiver itself, but rather should have referred the matter to the arbitrator. The district court, relying on Doctor's Assocs., Inc. v. Distajo, 66 F.3d 438 (2d Cir.1995), and other cases, held that it could decide the waiver issue in light of petitioners' active participation in the litigation for 15 months. In Distajo, the court reviewed the existing case law and determined that, although ordinarily a defense of waiver brought in opposition to a motion to compel arbitration under § 4 is a matter to be decided by the arbitrator, the district court could properly decide the question when the party seeking arbitration had already participated in litigation on the dispute.
 
 
 14
 Petitioners rely on the Distajo court's statement that it was "bound ... by our most recent precedent" to allow a district court to decide the issue of waiver, 66 F.3d at 456, to argue that Distajo is not binding precedent because in so holding it misinterpreted the prior cases. This argument is without merit. Even assuming the Distajo court was not required to decide the way it did, once it did so, its decision became binding precedent. See Jones v. Coughlin, 45 F.3d 677, 679 (2d Cir.1995) (per curiam ) ("A decision of a panel of this Court is binding unless and until it is overruled by the Court en banc or by the Supreme Court."). Distajo has not been overturned (indeed, it has been followed in recent cases, see, e.g., PPG Indus., Inc. v. Webster Auto Parts Inc., 128 F.3d 103, 107-08, 109 (2d Cir.1997); Doctor's Assocs., Inc. v. Jabush, 89 F.3d 109, 113-14 (2d Cir.1996)), and petitioners identify no Supreme Court case that puts its validity into question.
 
 
 15
 Petitioners also argue that, even if Distajo applies, there nevertheless had not been sufficient litigation to justify the district court's deciding the issue. This argument fails as well. Distajo did not predicate a district court's ability to decide the issue of waiver on the condition that the party had engaged in substantial litigation. Rather, the court expressly held that a district court could decide the issue whenever the party seeking arbitration had engaged in "any prior litigation." Distajo, 66 F.3d at 456 n. 12. Such a rule saves judicial resources and prevents needless line-drawing. It makes little sense to require a court to first determine whether a party has engaged in "substantial litigation" before it can reach the issue of waiver, which itself requires determination of the same question. We find that the district court properly concluded that it could decide the issue of waiver in light of petitioners' active participation in the litigation.
 
 II. Finding of Waiver
 
 16
 Petitioners next contend that the district court erred in finding that they had waived their right to arbitrate. We review the district court's determination that a party has waived arbitration de novo, although the factual findings upon which it bases its determination are reviewed for clear error. See Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 25 (2d Cir.1995). A party is deemed to have waived its right to arbitration if it "engages in protracted litigation that results in prejudice to the opposing party." Cotton v. Slone, 4 F.3d 176, 179 (2d Cir.1993); see also Distajo, 66 F.3d at 457 (requiring litigation on "substantial issues going to the merits" and demonstrated prejudice); Rush v. Oppenheimer & Co., 779 F.2d 885, 886-87 (2d Cir.1985). While waiver of arbitration is not to be lightly inferred, the issue is fact-specific and there are no bright-line rules. See Leadertex, 67 F.3d at 25. Factors to consider include (1) the time elapsed from the commencement of litigation to the request for arbitration; (2) the amount of litigation (including exchanges of pleadings, any substantive motions, and discovery); and (3) proof of prejudice, including taking advantage of pre-trial discovery not available in arbitration, delay, and expense. See PPG Indus., 128 F.3d at 107-09. The district court found that petitioners had waived arbitration on the grounds that (1) they failed to plead the defense of arbitration and award, despite asserting other defenses and S & R's assertion of a counterclaim; (2) they actively participated in the litigation for 15 months before seeking to invoke their right to arbitrate on the eve of trial; (3) they participated in two settlement conferences, and they prejudiced Latona by (4) engaging in extensive discovery--thereby obtaining information that would not have been available in arbitration--and (5) imposing on Latona undue delay and expense. See 984 F.Supp. at 103. We agree with the district court's analysis.
 
 
 17
 Petitioners argue that these findings were insufficient to support a finding of waiver because Latona has not demonstrated prejudice. Prejudice results "when a party seeking to compel arbitration engages in discovery procedures not available in arbitration, makes motions going to the merits of an adversary's claims, or delays invoking arbitration rights while the adversary incurs unnecessary delay or expense." Cotton, 4 F.3d at 179 (internal citations omitted); see also PPG Indus., 128 F.3d at 109. Petitioners argue that prejudice is absent here because it was Latona that engaged in the bulk of discovery. This argument, however, ignores the fact that S & R itself sought, inter alia, 3 depositions, 19 detailed interrogatories, and the production of more than 2100 pages in documents.
 
 
 18
 Petitioners also contend that all of their discovery requests were necessarily relevant to Latona's claim for attorney's fees, which all parties seem to concede is non-arbitrable. See Rush, 779 F.2d at 888 (no prejudice where party opposing arbitration could point to no specific discovery that was not relevant to non-arbitrable claims). Like the district court, we reject this argument, which is based on the fact that Latona's complaint incorporated by reference all of the allegations concerning the arbitrable claims in its pleading on the non-arbitrable claim for attorney's fees. This pleading technique adds nothing to petitioners' case. In Rush, a securities case, the non-arbitrable and arbitrable claims clearly overlapped. See id. Here, however, the non-arbitrable claim, which seeks attorney's fees for Hartford's failure to comply with the statutory obligation to file a copy of its bond with the County Clerk, is distinguishable from Latona's claim for non-payment for work performed. Moreover, petitioners' discovery requests largely pertained not to the non-arbitrable claims, but to Latona's arbitrable claim for payments on the bond and S & R's counterclaim for breach of contract. In short, petitioners have not shown that the district court was clearly erroneous in finding that they benefitted by obtaining discovery on the arbitrable claims that would not have been available in arbitration.
 
 
 19
 Petitioners also argue that none of their litigation constituted "substantial litigation on the merits." However, this is not the standard, rather it is whether there was litigation pertaining to "substantial issues going to the merits." Distajo, 66 F.3d at 457. We find that S & R's filing of a counterclaim against Latona for breach of contract, the extensive discovery requests, the two settlement conferences, and petitioners' attempt to move to dismiss the action based on the forum-selection clause and to stay proceedings because Latona was not authorized to do business in New York certainly pertained to substantial issues going to the merits. Petitioners seem to imply, however, that a party must have made dispositive motions on the merits in order to be deemed to have waived arbitration, citing several cases in which such motions were made, see, e.g., PPG Indus., 128 F.3d at 107-09; Kramer v. Hammond, 943 F.2d 176 (2d Cir.1991); Com-Tech Assocs. v. Computer Assocs. Int'l, Inc., 938 F.2d 1574 (2d Cir.1991); Dempsey & Assocs., Inc. v. S.S. Sea Star, 461 F.2d 1009, 1018 (2d Cir.1972). We have found no case that supports the argument that such motions are required before waiver can be found. In Leadertex, for example, we stated that the relevant factors to consider were "the amount of litigation (usually exchanges of pleadings and discovery), the time elapsed from the commencement of litigation to the request for arbitration, and the proof of prejudice.... The proximity of a trial date when arbitration is sought is also relevant." 67 F.3d at 25. Notably absent from this list is whether the party seeking litigation made any dispositive motions on the merits. See also Zwitserse Maatschappij Van Levensverzekering En Lijfrente v. ABN Int'l Capital Mkts. Corp., 996 F.2d 1478, 1479 (2d Cir.1993) (per curiam ) (waiver found where party engaged in discovery not available in arbitration); Carcich v. Rederi A/B Nordie, 389 F.2d 692, 696 n. 7 (2d Cir.1968) (noting that taking advantage of discovery would be sufficient prejudice to warrant finding waiver).
 
 
 20
 We find that the district court's factual findings are not clearly erroneous. Moreover, its finding of waiver based on these facts is consistent with other cases. See, e.g., Leadertex, 67 F.3d at 25-26 (finding waiver based on undue delay, failure to raise arbitration defense in numerous pleadings and counterclaims, taking advantage of discovery, and economic prejudice to other party); Zwitserse, 996 F.2d at 1480 (waiver found where party engaged in discovery not available in arbitration); see also Com-Tech, 938 F.2d at 1577-78 (motion to compel denied where party failed to raise arbitration as defense, participated in 18 months of litigation including extensive discovery, and only raised arbitration in motion for judgment on pleadings four months before trial). Accordingly, we affirm the district court's determination that petitioners waived their right to arbitration.
 
 III. "No waiver" Clause
 
 21
 Finally, we address petitioners' contention that a finding of waiver is precluded because the arbitration clause contained in the contract between S & R and Latona incorporates by reference the rules of the American Arbitration Association ("AAA"), which contain a "no waiver" provision that reads:
 
 
 22
 47. Application to Court and Exclusion of Liability
 
 
 23
 (a) No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.
 
 
 24
 Although an issue of first impression for this circuit, we agree with those courts and authorities that have interpreted this "no waiver" clause as intended to permit parties to seek provisional remedies or other judicial proceedings that would not function to displace arbitration on the underlying dispute. See, e.g., Shay v. 746 Broadway Corp., 96 Misc.2d 346, 409 N.Y.S.2d 69, 71 (N.Y.Sup.1978) ("the intent [of the 'no waiver' provision is] to permit provisional statutory remedies in court without affecting the agreement to arbitrate the underlying dispute"); Seidman & Seidman v. Wolfson, 50 Cal.App.3d 826, 835, 123 Cal.Rptr. 873 (Cal.App.1975) ("no waiver" clause "has been interpreted to apply only to provisional remedies such as attachments or injunctions that through judicial relief may be available in arbitration" (citing Domke on Commercial Arbitration § 26.03) (1968, 1974 Supp.)); Alison C. Wauk, Comment, Preliminary Injunctions in Arbitrable Disputes: The Case for Limited Court Jurisdiction, 44 U.C.L.A. L.Rev.2061, 2088 (1997) ("no waiver" clause "allow[s] parties to go to courts for interim relief without waiving their right to arbitration"); Catherine McGuire & Robert Love, Dispute Resolution Between Investors and Broker-Dealers in the United States Securities Markets, 14 Hastings Int'l & Comp. L.Rev. 431, 449 (1991) ("no waiver" rule allows parties "recourse in the courts for provisional remedies, such as temporary restraining orders or injunctions .... without waiving one's contractual right to arbitrate"). Thus, the fact that an arbitration agreement incorporates such a clause would not prevent a court from finding that a party has waived arbitration by actively participating in protracted litigation of an arbitrable dispute. See, e.g., Home Gas Corp. v. Walter's of Hadley, Inc., 403 Mass. 772, 532 N.E.2d 681, 684-85 (1989) ("no waiver" clause did not prevent finding of waiver where party engaged in one year of discovery and a fourteen-day hearing); Seidman & Seidman, 50 Cal.App.3d at 835, 123 Cal.Rptr. 873 ("The purpose behind [the 'no waiver' clause] was to permit ... provisional remedies, not to allow a party to seek solely judicial relief of its controversy and later to switch course and demand arbitration."); see also Knorr Brake Corp. v. Harbil, Inc., 556 F.Supp. 489, 493 n. 5 (N.D.Ill.1983) (finding that AAA "no waiver" clause was not dispositive, but simply "another factor to be weighed in the scales"). At most, the cases that have referred to this clause as support for a finding that the party did not waive arbitration are cases in which waiver would likely not have been found in the first instance. See, e.g., Jackson Trak Group, Inc. v. Mid States Port Auth., 242 Kan. 683, 751 P.2d 122, 129-30 (1988) ("no waiver" clause cited as additional support for holding that party did not waive arbitration where judicial proceedings were "limited to procedural issues relating to the injunction application" and party expressly reserved right to arbitrate); Kostakos v. KSN Joint Venture No. 1, 142 Ill.App.3d 533, 96 Ill.Dec. 862, 491 N.E.2d 1322, 1326 (1986) (party did not waive arbitration where raised arbitration in answer, did not bring counterclaims, and did not submit substantive issues to court; court added that "[t]he inclusion of [the 'no waiver' clause] indicate[d] the parties' intention to favor arbitration and we will not lightly waive this right"); Atlas v. 7101 Partnership, 109 Ill.App.3d 236, 64 Ill.Dec. 829, 440 N.E.2d 381, 383 (1982) ("no waiver" clause precluded finding of waiver where party's "limited legal maneuverings of ... filing complaints and in obtaining rulings on his motions for preliminary injunctions were not inconsistent with that arbitration clause"); People ex rel. Delisi Constr. Co. v. Board of Educ., Willow Springs Sch. Dist. 108, 26 Ill.App.3d 893, 326 N.E.2d 55, 58 (1975) ("no waiver" clause cited as additional support for finding that defendant's first seeking judicial determination that contract existed before invoking arbitration did not constitute waiver).
 
 
 25
 We agree with the Massachusetts Supreme Court's observation that to allow the "no waiver" clause to preclude a finding of waiver would
 
 
 26
 permit parties to waste scarce judicial time and effort and hamper judges' authority to control the course of proceedings before them and to correct any abuse of those proceedings and then demand arbitration. Further, delay in demanding arbitration until after judicial proceedings are almost complete permits the losing party to test[ ] the water before taking the swim.
 
 
 27
 Home Gas, 532 N.E.2d at 685 (internal quotation marks and citations omitted); see also Distajo, 66 F.3d at 456 n. 12 (discussing a court's inherent power to fashion appropriate sanction, including finding of waiver, for conduct that abuses the judicial process). Accordingly, we hold that the presence of the "no waiver" clause does not alter the ordinary analysis undertaken to determine if a party has waived its right to arbitration.
 
 CONCLUSION
 
 28
 We hold that (1) in light of the parties' active participation in prior litigation on the merits of the dispute, it was proper for the district court itself to decide the issue of waiver rather than refer the matter to an arbitrator; (2) the district court properly found that petitioners waived their right to arbitration; and (3) the "no-waiver" clause found in the AAA rules does not prevent a court from finding that a party has waived its right to arbitration.
 
 
 29
 AFFIRMED.
 
 
 
 *
 The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation
 
 
 [1]
 The contract also provided for Latona to do site work on a Toys "R" Us retail store, and Toys "R" Us, a part owner of the construction project, is a named defendant in the action filed by Latona, discussed infra. However, because Toys "R" Us did not join in the petition to compel arbitration, and thus is not a party to the instant action, its participation in the litigation is omitted from our discussion for purposes of clarity