**Gary SOSHINSKY, Plaintiff,**

v.

**FIRST UNUM LIFE INSURANCE COMPANY, Defendant.**

**No. 98–CV–385 (NAM/GLS).**

United States District Court,
N.D. New York.

July 5, 2000.

Public Interest Law Firm, Syracuse University College of Law, Office of Clinical Programs, Syracuse, NY, Sarah Betsy Fuller.

McNamee, Lochner, Titus & Williams, P.C., Albany, NY, Margaret Surowka Rossi, of Counsel.

## MEMORANDUM–DECISION AND ORDER

MORDUE, District Judge.

Plaintiff Gary Soshinsky brings suit against defendant First Unum Life Insurance Company for its alleged violations of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.,* and various pendent state laws. Though plaintiff concedes that he has been paid all the benefits to which he is due under his disability policy, issued by defendant, plaintiff claims that the policy's provisions violate the ADA by providing different disability benefits for mental and physical disabilities.

Presently before the Court is defendant's motion for summary judgment. Initially, defendant's primary argument was that insurance policies do not fall within the ambit of Title III. This argument has been laid to rest by intervening law; it is now clear, at least in this Circuit, that Title III does in fact "regulate the sale of insurance policies ... [and] covers insurance underwriting in at least some circumstances."[1] *Pallozzi v. Allstate Life Ins.*

---

1. There is a significant circuit split on this issue; the Supreme Court has yet to resolve

*Co.,* 198 F.3d 28, 33 (2d Cir.1999). Yet, defendant's alternative argument, that a disparity between benefits for mental and physical disabilities does not violate the ADA, has been significantly strengthened by another intervening Second Circuit decision. *See Equal Employment Opportunity Comm'n v. Staten Island Sav. Bank,* 207 F.3d 144, 147 (2d Cir.2000) (*"Staten Island"*). Ultimately, *Staten Island* proves to be dispositive of this matter.

In *Staten Island,* under almost identical facts, employees alleged that their long term disability plans, issued to them by an insurance company on behalf of their employer, violated the ADA by providing different benefits for mental and physical disabilities. The Second Circuit held that such a differentiation was not violative of the ADA, as the statute

> does not specifically condemn the historic and nearly universal practice inherent in the insurance industry of providing different benefits for different disabilities.... Of course Congress could require those modifications to be made, but we are reluctant to infer such a mandate for radical change absent a clearer legislative command.

*Id.* at 148. (citations omitted).

Plaintiff here makes identical claims to those made in *Staten Island.* He argues he has been given lesser benefits under his disability policy for mental illness, as opposed to physical illness or injury, in violation of the ADA. The one difference is that plaintiff was self employed, whereas in most ADA cases considering the issue of different benefits for mental and physical disabilities, the plaintiff is employed by another. Employees challenging different disability benefits under the ADA typically do so under Title I; those who are self employed cannot, and consequently bring suit under Title III.[2] In either type of case, however, the prime allegation of discrimination is the same—that benefits are impermissibly different for mental and physical disabilities. The only practical difference is whether the employer secures the disability benefits for the employee from the insurance company, or whether the individual goes out and secures the benefits directly from the insurance company himself.

Plaintiff maintains, without any case authority, that this difference is a critical distinction, and the Court should disregard the holding in *Staten Island,* since it was a case decided pursuant to Title I. If this Court followed plaintiff's argument, however, an anomalous result would occur: an insurer who issued a disability policy to an individual at the behest of an employer would not be liable for differential treatment of mental and physical disabilities, while an insurer issuing the identical policy to a self-employed individual—like plaintiff herein—would be potentially liable under the ADA.

Though the Court can find no Second Circuit cases directly applying holdings of Title I cases to a Title III case, the *Staten Island* decision relied by analogy on at least two Title III cases, citing with approval *McNeil,* 205 F.3d at 186–190 (which held that a health insurance plan that lim-

---

the issue. *See, e.g., McNeil v. Time Ins. Co.,* 205 F.3d 179, 188 nn. 14, 15 (5th Cir.2000) (discussing the split and criticizing the Second Circuit).

**2.** Title I, relating to employment, states, in pertinent part, that

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures ... employee compensation, and other terms, conditions and privileges of employment.

42 U.S.C. § 12112(a).

Title III, relating to public accommodations, states, in pertinent part, that

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services ... [or] advantages of any place of public accommodation by any person who owns ... or operates a place of public accommodation.

42 U.S.C. § 12182(a).

**12**

its benefits for AIDS did not violate Title III) and *Doe v. Mutual of Omaha Ins. Co.*, 179 F.3d 557, 559–64 (7th Cir.1999) (same), *cert. denied*, —— U.S. ——, 120 S.Ct. 845, 145 L.Ed.2d 714 (2000). *See Staten Island*, 207 F.3d at 148. This is a strong indication that the Second Circuit disagrees with plaintiff's distinction between Title I and III cases.

Indeed, in the one case this Court can find where a disability policy was challenged under Title III for differential treatment of mental and physical disabilities, the court there cited the Title I cases the Second Circuit relied on in *Staten Island. See Conners v. Maine Med. Ctr.*, 42 F.Supp.2d 34, 52–55 (D.Me.1999). This Court agrees with the decision reached in *Conners;* Title III of the ADA does not prohibit differentiation of benefits between mental and physical disabilities.

Moreover, while not dealing with a distinction between mental and physical disabilities, the two Circuit cases the Second Circuit cited in *Staten Island, McNeil* and *Doe,* both deal with unequal insurance benefit provisions for different disabilities under Title III. These two cases, from the Fifth and Seventh Circuits, each hold that an insurer is not required to provide equal benefits for different disabilities. There is no distinction between unequal benefits for mental and physical disabilities, and for unequal benefits for different physical disabilities as in *McNeil* and *Doe.* The Second Circuit's earlier holding in *Pallozzi* is not to the contrary. *Pallozzi* dealt with a disabled person's *access* to insurance; this is not the case here. While it is clear from *Pallozzi* that under Title III a disabled person is entitled to insurance under some circumstances, the decision did not hold that the insurance provided must treat all disabilities equally. Indeed, pursuant to *Staten Island, McNeil* and *Doe,* under either Title I or Title III, the exact opposite is true.

Finally, the Court notes plaintiff's alternative argument that "[t]his Court should not follow [ ] *Staten Island* because the

Second Circuit's analysis is in error." Pl.'s Letter Brief at 4. Of course, plaintiff's quarrel is with the Second Circuit or the Supreme Court—not this Court. Even if this Court did believe the Second Circuit was in error, it would be bound to follow such a holding. *See S & R Co. of Kingston v. Latona Trucking, Inc.,* 159 F.3d 80, 83 (2d Cir.1998) ("A decision of a panel of this Court is binding unless and until it is overruled by the Court *en banc* or by the Supreme Court") (quoting *Jones v. Coughlin,* 45 F.3d 677, 679 (2d Cir.1995)); *Ithaca College v. N.L.R.B.,* 623 F.2d 224, 228 (2d Cir.1980) (Second Circuit decisions are binding on all inferior courts in this Circuit, despite a court's disagreement).

Accordingly, for the aforementioned reasons, the Court grants defendant's motion for summary judgment on plaintiff's ADA claim. As no federal claim remains, the Court declines to exercise pendent jurisdiction over plaintiff's state law claims.

IT IS SO ORDERED.