**The MEDIA EDGE, Plaintiff,**

v.

**W.B. DONER, INC., Defendant.**

No. 99 Civ. 11859(CBM).

United States District Court,
S.D. New York.

Sept. 12, 2000.

Mitchell R. Schrage, Mitchell R. Schrage & Associates, P.L.L.C., New York City, for Plaintiff.

Dori Ann Hanswirth, Slade R. Metcalf, Squadron, Ellenoff, Plesent & Sheinfeld, LLP, New York City, for Defendant.

### *MEMORANDUM OPINION*

MOTLEY, District Judge.

Plaintiff, The Media Edge ("Media Edge"), brought this breach of contract action in the Supreme Court of the State of New York on September 9, 1999, alleging that defendant, W.B. Doner, Inc. ("Doner"), failed to pay plaintiff for media purchasing services rendered. Defendant removed the action to federal court on December 9, 1999. At a June 27, 2000 pre-trial conference, plaintiff's attorney brought it to the court's attention that the original written contract between the parties contained an arbitration clause and suggested that this action may belong in arbitration rather than in litigation. In opposing plaintiff's request to remove this matter to arbitration, defendant asserts that even if the arbitration clause in the written contract governs this dispute, plaintiff has waived its right to arbitrate by bringing this litigation. Before the court are the parties memoranda of law on the question of whether plaintiff waived its right to arbitrate when it filed this lawsuit. For the reasons discussed below, this action is DISMISSED without prejudice and without the award of attorneys' fees or costs to either party so that the plaintiff may remove this matter to arbitration.

## I. BACKGROUND

Plaintiff and defendant entered into a written contract on March 1, 1996. The contract provided that it could not be modified except by a writing signed by both parties. The contract also included an arbitration clause which covered "all disputes arising out of or relating to this Agreement or any breach of this Agreement." Pl.'s Mem. Law, Ex. D ¶ 13.

On November 25, 1996, plaintiff sent defendant a signed proposed amendment to the compensation structure of the contract. Defendant did not sign or return the proposed amendment. However, plaintiff alleges that defendant entered into an oral agreement to amend the contract, that plaintiff relied on that oral agreement, and that plaintiff's damages arise out of that oral agreement.

## II. DISCUSSION

Due to the strong federal preference for arbitration, any doubts concerning whether a party has waived its right to arbitrate should be resolved in favor of arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 25 (2d Cir.1995). While there are no bright-line rules, the factors to be considered when determining whether a party has waived the right to arbitrate are "(1) the time elapsed from commencement of litigation to the request for arbitration; (2) the

amount of litigation (including exchanges of pleadings, any substantive motions, and discovery); and (3) proof of prejudice, including taking advantage of pre-trial discovery not available in arbitration, delay, and expense." *Matter of S & R Company of Kingston v. Latona Trucking, Inc.,* 159 F.3d 80, 83 (2d Cir.1998), *cert. dismissed,* —— U.S. ——, 120 S.Ct. 629, 145 L.Ed.2d 506 (1999).

■ Applying these factors, the court finds that plaintiff has not waived its right to arbitrate. As to the first factor, the time elapsed between the filing of the lawsuit and plaintiff's request for arbitration amounts to only ten months, with some of that time being lost to defendant's removal to federal court and the subsequent reassignment of the case to this chambers. Given that other forces contributed to plaintiff's ten-month delay, this lapse of time is not of itself enough to infer waiver. *Compare S & R Co.,* 159 F.3d at 82 (finding waiver of right to arbitrate after plaintiffs actively engaged in 15 months of pre-trial litigation, including extensive discovery); *Leadertex, Inc.,* 67 F.3d at 26 (finding waiver of right to arbitrate after defendant allowed seven months to elapse after removal before seeking arbitration).

As to the second factor, it is clear that very little actual litigation has transpired. Defendant lists its efforts with this case thus far as follows: preparing and serving removal papers, an answer, and a document request; reviewing documents and interviewing witnesses; participating in a pre-trial conference; and drafting letters. *See* Def.'s Mem. Law at 5–6. In addition, however, the court notes that defendant has not produced any discovery for plaintiff and neither party has made any motions as to the merits of the case. *Compare PPG Indus. Inc. v. Webster Auto Parts Inc.,* 128 F.3d 103, 108 (2d Cir.1997) (engaging in discovery and filing substantive motions constitutes waiver); *S & R Co.,* 159 F.3d at 83 (participating in extensive discovery constitutes waiver); *ComTech Assocs. v. Computer Assocs. Int'l,*

*Inc.,* 938 F.2d 1574, 1578 (2d Cir.1991) (proximity of trial when right to arbitrate finally asserted, coupled with defendants' full participation in discovery, constitutes waiver).

Finally, defendant has not shown any prejudice. As noted above, plaintiff has not engaged in any discovery and no dispositive motions have yet been made. Prejudice occurs "when a party seeking to compel arbitration engages in discovery procedures not available in arbitration, makes motions going to the merits of an adversary's claims, or delays invoking arbitration rights while the adversary incurs unnecessary delay or expense." *Cotton v. Slone,* 4 F.3d 176, 179 (2d Cir.1993). Concerning expense, defendant contends that if plaintiff is allowed to take this matter to arbitration, its legal expenses, totaling $12,000.00, will have been unnecessarily incurred. *See* Def.'s Mem. Law at 5. When compared to other cases finding waiver, defendant's expense does not appear to rise to the level of prejudice, *Compare Satcom Int'l Group PLC v. Orbcomm Int'l Partners, L.P.,* 49 F.Supp.2d 331 (S.D.N.Y.1999) (finding prejudice where defendant spent approximately $900,-000.00), *aff'd* 205 F.3d 1324 (2d Cir.1999). Furthermore, the court believes that defendant's efforts thus far are transferable to arbitration and therefore have not been wasted.

## III. CONCLUSION

For the foregoing reasons, the court finds that plaintiff has not waived its right to arbitrate. Therefore, this case is DISMISSED without prejudice and without the award of attorneys' fees or costs to either party. The parties are directed to proceed to arbitration on the terms specified in the March 1, 1996 Agreement.