09-2904-cv, 09-2986-cv
National Union Fire Ins. v. NCR Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of May, two thousand and ten.

PRESENT:  PETER W. HALL,
                    GERARD E. LYNCH,            *Circuit Judges*,
                    TIMOTHY C. STANCEU[*]    *Judge, U.S. Court of International Trade*.

-------------------------------------------------------------------x
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A.,

*Petitioner-Appellant*,

 -v.-

Nos. 09-2904-cv(L);
09-2986-cv(CON)

NCR CORPORATION.

*Respondent-Appellee*.
-------------------------------------------------------------------x

------------

[*] The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

1

APPEARING FOR THE APPELLANT:    STEVEN J. AHMUTY, JR., (Christopher Simone and Juan C. Gonzalez on brief) Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, New York.

APPEARING FOR THE APPELLEE:    P. BENJAMIN DUKE, (John G. Buchanan III, Mari K. Bonthuis, and Charles Fischette on brief), Covington & Burling LLP, New York, New York.

This is an appeal from the judgment of the United States District Court for the Southern District of New York (Jones, *J.*) denying petitioner-appellant's motion to compel arbitration. **UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-appellant National Union Fire Insurance Company of Pittsburgh, P.A., ("National Union") appeals from the judgment, dated June 11, 2009, of the United States District Court for the Southern District of New York (Jones, *J.*), effectuating its May 28, 2009 order denying petitioner's motion to compel arbitration. The district court denied the motion on the ground that National Union waived its right to arbitration. *National Union Fire Ins. Co. of Pittsburgh, P.A. v. NCR Corp.*, 09-civ-3868 (S.D.N.Y. June 11, 2009). We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal. For the following reasons, we affirm the judgment.

"[A] party waives its right to arbitration when it engages in protracted litigation that prejudices the opposing party. . . . [I]n determining whether a party has waived its right to arbitration, we will consider such factors as (1) the time elapsed from commencement of litigation to the request for arbitration, (2) the amount of litigation (including any substantive motions and discovery), and (3) proof of prejudice. There is no bright-line rule, however, for

2

determining when a party has waived its right to arbitration: the determination of waiver depends on *the particular facts of each case*." *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162-63 (2d Cir. 2000) (quoting *PPG Industries, Inc. v. Webster Auto Parts Inc.*, 128 F.3d 103, 107-08 (2d Cir. 1997)) (brackets omitted). "The key to a waiver analysis is prejudice." *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 105 (2d Cir. 2002) (per curiam). "Prejudice as defined by our cases refers to the inherent unfairness—in terms of delay, expense, or damage to a party's legal position—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *In re Crysen*, 226 F.3d at 162-63 (quoting *PPG*, 128 F.3d at 107) (brackets omitted). This Court reviews *de novo* a district court's decision regarding whether a party has waived its right to arbitrate, but we review for clear error the factual findings on which the district court relied. *PPG*, 128 F.3d at 107.

First, we agree with the district court's finding that the issues National Union seeks to arbitrate were at the heart of the Wisconsin state court action—an action the parties have been litigating for more than three years. Notwithstanding its exclusion of issues that have been previously substantively ruled on by the state court, even National Union's amended motion to compel arbitration makes plain that National Union seeks to arbitrate a broad array of issues including those at issue in the state court action. We also agree with the district court's finding that National Union's three-year delay between the commencement of litigation and filing of the motion to compel arbitration is significant. The amount of litigation, including, *inter alia*, discovery and scheduling conferences, motions addressing choice-of-law and various defenses,

3

and several motions for summary judgment, demonstrates a substantial commitment to the judicial forum.

The remaining question is whether NCR has been prejudiced. *See id.* at 107-08. Prejudice is not presumed based on the timing of National Union's arbitration demand and its participation in litigation—*i.e.*, the first two prongs of the three-part waiver inquiry—standing alone. *In re Crysen*, 226 F.3d at 162-63 (quoting *PPG*, 128 F.3d at 107-08) ("Incurring legal expenses inherent in the litigation, without more, is insufficient evidence of prejudice to justify a finding of waiver."). This Court has, however, recognized "undue delay and expense" as a factor to be considered in its prejudice analysis. *See e.g.*, *S & R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 83, 84 (2d Cir. 1998) (citing *Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 25-26 (2d Cir. 1995)); *Kramer v. Hammond*, 943 F.2d 176, 179 (2d Cir. 1991). We have, additionally, found prejudice where "a party seeking to compel arbitration engages in discovery procedures not available in arbitration, makes motions going to the merits of an adversary's claims, or delays invoking arbitration rights while the adversary incurs unnecessary delay or expense." Cotton v. Slone, 4 F.3d 176, 179 (2d Cir.1993) (citations omitted). Here, defendant has done all three things.

The particular circumstances of this case show sufficient prejudice resulting from National Union's late attempt at initiating arbitration to cause us to conclude that National Union has waived its right to arbitration notwithstanding the non-waiver provision in the contracts at issue. National Union has litigated and taken pretrial discovery relating to the same contracts it now seeks to submit to arbitration, having thereby gained tactical advantage with respect to

4

issues it seeks to arbitrate.  *See In re Crysen*, 226 F.3d at 162-63 (quoting *PPG*, 128 F.3d at 107-08) ("[P]rejudice as defined by our cases refers to *the inherent unfairness*—in terms of delay, expense, or *damage to a party's legal position*—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue.") (emphasis added); *cf. Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 229 (2d Cir. 2001) (concluding that the right to arbitrate was not waived where only minimal litigation was undertaken, consisting of a court appearance and a filing of defenses and cross claims).  Invoking the judicial forum's authority to obtain depositions, National Union has taken depositions that likely would be unavailable during arbitration, including fact and expert witness depositions and third-party depositions, some of which relate to issues sought to be arbitrated.  *See, e.g., Cotton*, 4 F.3d at 180.  Finally, National Union has invoked arbitration in the face of adverse rulings on substantive motions.  *Id*.  The resulting prejudice to NCR, including in part NCR's having incurred at least some unnecessary delay or expense, *id*. at 179, compels the conclusion that the right to arbitration has been waived.

Regarding the non-waiver provision in the contracts at issue, under this Court's jurisprudence, "the presence of the 'no waiver' clause does not alter the ordinary analysis undertaken to determine if a party has waived its right to arbitration." *S & R*, 159 F.3d at 86. That is to say, such a provision is not dispositive.  Addressing National Union's argument, we are not convinced on the record before us that the district court erred in its analysis by ignoring the non-waiver provision in the contracts.  Rather, in a clear reference to *S & R*'s standard, the court indicated that "[t]he Second Circuit has stated [that] the presence of a no-waiver clause doesn't

alter the ordinary analysis that one takes to determine if a party has waived its right to arbitration . . . ." We read the district court as having concluded that the non-waiver clause did not otherwise alter its determination that the defendant waived its right to arbitrate.

Regardless, we conclude independently that, notwithstanding the non-waiver provision, NCR would be prejudiced by National Union's lengthy participation in multiple aspects of litigation prior to its demand for arbitration. *Cf. id*. (observing that "to allow the 'no waiver' clause to preclude a finding of waiver would permit parties to waste scarce judicial time and effort . . .. Further, delay in demanding arbitration until after judicial proceedings are almost complete permits the losing party to test[ ] the water before taking the swim.") (internal quotation marks omitted). We conclude, therefore, that National Union has waived its right to arbitrate through its repeated, intentional invocation of judicial process, including the use of extensive discovery likely unavailable in an arbitral proceeding, to resolve questions about the scope of the insurance policies at issue and the applicability of particular defenses to that insurance coverage.

Accordingly, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6