12-3699-cv
Technology in Partnership, Inc. v. Rudin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand thirteen.

PRESENT:    GUIDO CALABRESI,
            DEBRA ANN LIVINGSTON,
            DENNY CHIN,
                        Circuit Judges.

_____

TECHNOLOGY IN PARTNERSHIP, INC.,

                        *Plaintiff-Appellee*,

    -v-                                             No. 12-3699-cv

EDWARD M. RUDIN, ALYSE RUDIN, GLORIA RUDIN, ALYFUNKIDS INC., D/B/A MY GYM CHILDREN'S FITNESS, MY GYM WESTFIELD INC., D/B/A MY GYM CHILDREN'S FITNESS CENTER, MY GYM GLEN ROCK, INC., RUDIN APPRAISALS, LLC,

                        *Defendants-Appellants*,

ALAN ZVERIN, ZVERIN & FISHER, LLP, EISMAN, ZUCKER, KLEIN & RUTTENBERG, LLP,

                        *Defendants*.

_____

                        JANE SIMKIN SMITH (Nathaniel B. Smith, Law Office of Nathaniel B. Smith, New York, NY, *on the brief*), Millbrook, NY, *for Defendants-Appellants*.

JARRETT M. BEHAR, Sinnreich Kosakoff & Messina LLP, Central Islip, NY, *for Plaintiff-Appellee*.

Appeal from the judgment of the United States District Court for the Southern District of New York (Patterson, Jr., *J.*) denying Defendants-Appellants' motion to compel arbitration.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants Edward M. Rudin, Alyse Rudin, Gloria Rudin, Alyfunkids Inc., d/b/a My Gym Children's Fitness, My Gym Westfield Inc., d/b/a My Gym Children's Fitness Center, My Gym Glen Rock, Inc., Rudin Appraisals, LLC ("Appellants" or "Rudins") appeal from the Opinion and Order of the United States District Court for the Southern District of New York (Patterson, Jr., *J.*), dated August 30, 2012, denying Appellants' motion to compel arbitration. The district court denied the motion on the ground that the Rudins had waived their right to arbitrate. On appeal, Appellants contend that: (1) the district court improperly denied their motion to compel arbitration on the grounds of waiver, and (2) the Second Circuit's waiver of arbitration doctrine is inconsistent with the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2 *et seq.*, and recent Supreme Court cases interpreting the FAA. We assume the parties' familiarity with the facts and procedural history of the case.

Federal policy strongly favors arbitration and waiver of a right to arbitrate is not lightly inferred, but a party can waive its right to arbitration "when it engages in protracted litigation that prejudices the opposing party." *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (quoting *PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 107 (2d Cir. 1997)). "There is no bright-line rule . . . for determining when a party has waived its right to arbitration,"

2

but courts consider such factors as "(1) the time elapsed from commencement of litigation to the request for arbitration, (2) the amount of litigation (including any substantive motions and discovery), and (3) proof of prejudice." *Id.* at 163 (quoting *PPG Indus.*, 128 F.3d at 107-08). "The key to a waiver analysis is prejudice." *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 105 (2d Cir. 2002) (per curiam). "We have recognized two types of prejudice: substantive prejudice and prejudice due to excessive cost and time delay." *La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 626 F.3d 156, 159 (2d Cir. 2010). Substantive prejudice might occur "when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration"; time and expense prejudice "can be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay and expense." *Thyssen*, 310 F.3d at 105 (quoting *Kramer v. Hammond*, 943 F.2d 176, 179 (2d Cir. 1991)). "We review the district court's determination that a party has waived arbitration *de novo*, although the factual findings upon which it bases its determination are reviewed for clear error." *S & R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 83 (2d Cir. 1998).

We agree with the district court that Appellants waived their right to arbitrate. Beginning with the time elapsed, Appellants raised their contractual right to arbitrate some fifteen months after the complaint was filed by Plaintiff-Appellee Technology in Partnership, Inc. ("TIP"). By that time, in January 2012, the district court had granted a separate motion to dismiss and had ordered the deposition of a key TIP witness in order to resolve the Rudins' statute of limitations defense, which the Rudins raised in January 2011. As for the amount of litigation, TIP had to defend two substantive motions to dismiss, then produce its witness for deposition, comply with an extensive document request, and participate in extended discovery disputes with the Rudins.

3

As to proof of prejudice, the district court found that Appellants had access to and knowledge of the agreements containing the arbitration provision prior to November 3, 2011, when Robert Baker, a key TIP witness, was deposed. Therefore, knowing of the arbitration provision, the Rudins deposed Baker and requested extensive discovery from TIP. Then in January 2012, during a discovery conference in which the district court first ordered the Rudins to produce documents and after the Rudins for the first time allegedly mentioned arbitration, the parties engaged in extended disputes over the Rudins' compliance with document production. TIP maintains that it will need non-party discovery to prove its claims given spoilation of evidence. Our Court has found prejudice where "a party seeking to compel arbitration engages in discovery procedures not available in arbitration, makes motions going to the merits of an adversary's claims, or delays invoking arbitration rights while the adversary incurs unnecessary delay or expense." *Cotton v. Slone*, 4 F.3d 176, 179 (2d Cir. 1993) (internal citations omitted). Given the Rudins' active participation in pretrial discovery after spending a year litigating a motion to dismiss on the merits, all while having knowledge of the arbitration provision, and considering the prejudice to TIP in moving to the arbitration forum while awaiting reciprocal discovery from the Rudins, we conclude that the district court did not err in denying Appellants' motion to compel arbitration due to waiver.

Appellants also argue, for the first time on appeal, that our Court's waiver doctrine is inconsistent with FAA Section 2, providing that arbitration provisions "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Appellants cite the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), as evidencing a federal policy that arbitration agreements be enforced as a matter of contract, and striking down defenses to arbitrability "that apply only to

4

arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Id.* at 1746. Unlike the state law doctrine at issue in *Concepcion* (a doctrine that found bilateral arbitration agreements waiving class action rights unconscionable and unenforceable), our Circuit's waiver case law does not invalidate arbitration agreements on grounds peculiar to such agreements but instead derives from the uncontroversial premise that affirmative defenses like arbitrability "are subject to forfeiture if not raised in a timely fashion." *Schipani v. McLeod*, 541 F.3d 158, 164 (2d Cir. 2008); *see* Fed. R. Civ. P. 8(c)(1) (listing affirmative defenses, including arbitration); *cf. Arizona v. California*, 530 U.S. 392, 410 (2000) (noting that the affirmative defense of res judicata is lost if not timely raised, and citing to Rule 8(c)); *Kramer*, 943 F.2d at 179 (recognizing a right to arbitrate as an affirmative defense). We do not read *Concepcion* as inconsistent with this case law, which itself recognizes that waiver in the arbitration context "is not to be lightly inferred." *PPG Indus.*, 128 F.3d at 107; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.").

We have considered Appellants' remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5