Samuel M. Gold, J.
Plaintiff moves for temporary injunction and defendants move by separate motion for stay pending arbitration. The motions Nos. 77 and 103 of December 11, 1967 are considered together.
Plaintiff and defendant Hirsch & Co. are members of the New York Stock Exchange. There is no question that at the instance of either of those parties the grievance must be determined by arbitration. Defendant Bokelmann is a registered representative. As between plaintiff and a registered representative, arbitration is also required at the instance of either of those parties. As between plaintiff and the defendant Bokelmann as a nonmember, arbitration is required at the instance of the *911 nonmember. Involved in this dispute is a restrictive covenant in an employment contract between plaintiff and the defendant Bokelmann, plaintiff’s former employee, now employed by the defendant Kirsch & Co. Thus, parties in their several capacities have necessarily invoked the possibility of arbitration by reason of the Stock Exchange Constitution and Rules and, upon election to arbitrate by either party, all are bound. Thus, the parties have chosen their forum.
A question remains whether stay may be sought pursuant to the provisions of CPLR 7503. That section eliminated the provision as contained in section 1451 of the Civil Practice Act for a motion for stay of arbitration. CPLR 7503 refers only to motion to compel arbitration. CPLR 2201 provides: ‘ ‘ Except where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just.” In this instance, action has been instituted. Prior thereto, defendants, in their view of the situation, contesting as they do the merits of plaintiff’s claim, had no cause or occasion to institute arbitration. At this posture defendant should not be left without remedy in the premises. If necessary, the motion may be deemed one to compel arbitration. Plaintiff’s grievance is already described to the extent, at least, that it has already been set forth in the complaint. Each defendant has clearly announced the election to arbitrate. Consequently, the motion is granted as one compelling arbitration in conformance with the Stock Exchange Constitution and Rules. Plaintiff is required to proceed with arbitration upon the tender by the defendants of the basic dispute as reflected in the complaint. Such tender of issue for arbitration shall be made by defendants forthwith in accordance with the Stock Exchange Rules; and any party may, of course, enlarge the area of the dispute for arbitration, if it so desires.
The court may, in the meantime, grant provisional remedy or temporary injunctive relief. In the circumstances here no sufficient reason is offered for the grant of such relief.
Defendants’ motion is granted as indicated, and plaintiff’s motion is denied.