■ PARK CITY ASSOCIATES, Appellant, v TOTAL ENERGY LEASING CORPORATION et al., Respondents.—Order of the Supreme Court, New York County, entered in the office of the clerk on May 6, 1977 denying plaintiff's motion for a preliminary injunction, unanimously affirmed. Respondents shall recover of appellant $40 costs and disbursements of this appeal. By agreement, defendants undertook to furnish electrical power to plaintiff's shopping center and the tenants therein. The agreement provided for the arbitration of all disputes between the parties hereto. Because of plaintiff's arrears in paying the charges for electricity, it is alleged that defendants threatened to discontinue electrical service while an application by plaintiff to stay arbitration was pending. Although plaintiff is fearful that its shopping center in those circumstances would be shut down and forced out of business, defendants assert that the tenants of the shopping center would continue to be serviced if they chose to pay for the electricity provided, and that defendants are being faced with possible insolvency if they are to continue services to plaintiff without payment therefor. We find that plaintiff has not demonstrated a likelihood of success and irreparable injury so as to be entitled to the issuance of a preliminary injunction *(Brand v Bartlett,* 52 AD2d 272, 274). Moreover, Special Term properly refused to exercise its discretion and grant injunctive relief since the parties have selected the arbitration forum for the resolution of their controversies, and in such

circumstances equitable relief by the arbitrator may be appropriate (see *Meda Int. v Salzman,* 24 AD2d 710, 711; *Matter of New England Petroleum Corp. v Asiatic Petroleum Corp.,* 82 Misc 2d 561, 565; Domke, Law and Practice of Commercial Arbitration, 26.04, p 268; Page, Arbitration, NYLJ, June 6, 1977, p 1, col 1). Thus, because the parties have agreed to the arbitration forum, the direction for arbitration encompasses the right of the arbitrator to govern the proceedings before him, which includes under modern theory the power to grant provisional remedies. Because the stay previously granted by this court "shall continue for five days after service upon the appellant of notice of the entry in the court to which the appeal was taken of the order determining the appeal" (CPLR 5519, subd [e]) the affirmance of the order herein is without prejudice to an application by plaintiff to the arbitrator for such injunctive relief as may be appropriate. Concur—Murphy, P. J., Lupiano, Birns and Capozzoli, JJ.