OPINION OF THE COURT
Nathaniel T. Helman, J.
In April, 1977, petitioners and respondents entered into a written agreement to engage in a joint venture to renovate and redevelop two adjoining buildings then owned by the individual respondents, Liebson and Blau. Petitioners undertook the planning, supervision and conversion of the two properties into residential multiple unit dwellings. They also assumed responsibility for removal of existing tenants in order to permit reconstruction and to procure mortgage commitments and approval of plans. Respondents Blau and Liebson agreed to convey to petitioners a one-third interest in the building 746 Broadway Corporation, when the building had been fully converted and a certificate of occupancy obtained.
On November 23, 1977 petitioners were advised that respondents had decided to terminate the agreement unless a perma *347 nent mortgage commitment was issued that week. Several disputes having arisen between the parties concerned with (a) the alleged failure to procure mortgage commitments, (b) failure to obtain approval of plans for conversion and as well as life insurance required by the agreement, (c) failure to remove tenants, and to prepare construction specifications, a demand for arbitration was filed on April 1, 1978 in which petitioners claimed an anticipatory breach of agreement by respondents.
There is no disagreement between the parties that the issues between them must be resolved by arbitration, and that disputes are to be arbitrated in the City of New York by the American Arbitration Association. It develops, however, that notwithstanding the service of a demand in April, 1978 the dispute between the parties cannot be heard and decided until an arbitrator is appointed, a matter which petitioner alleges will take approximately four weeks.
It further appears that petitioners’ attorney was advised shortly after the commencement of the arbitration proceeding that on March 1, 1978 respondents executed a contract of sale by the terms of which they agreed to sell and convey the premises to one Manocherian for $1,200,000 payable $60,000 on contract, $540,000 on closing and $600,000 by taking title subject to an existing mortgage in that amount. Respondents, while not acknowledging the accuracy of this allegation, nevertheless, have not controverted it.
Thus, petitioners now come before the court seeking injunctive relief to restrain respondents from transferring the property and otherwise taking action which would impair, impede, or infringe upon petitioners’ interests in the property and the conversion and renovation project made part of the agreement between the parties.
Petitioners point out that there is no procedure under the rules of the American Arbitration Association for preserving the status quo pending the selection of arbitrators and the submission to the arbitrators of an application for an order of conservation. It is for this reason that petitioners applied ex parte, for an order of this court, restraining respondents from conveying or encumbering the subject premises and for other relief. It is important to note that the petitioners do not seek a preliminary injunction pending the outcome of the arbitration but only for the period pending the appointment of arbitrators so that applications for orders of conservation can *348 thereafter be made before the arbitrators under the Commercial Arbitration Rules.
The position of respondents is that the court lacks jurisdiction over this proceeding, and further that petitioners have failed to prove their entitlement to injunctive relief. It is their contention that petitioners may not simultaneously seek relief in this proceeding since the commencement of the arbitration ousts this court of jurisdiction, citing cases such as National Educ. Prods. v Education Reading Aids Corp. (34 AD2d 769). Thére is no doubt that the relief sought here is available in arbitration and neither party contends otherwise. The more important question, one concerning which there is a paucity of authority, is whether this court lacks jurisdiction to prevent irreparable damage to one of two disputants between the time of filing a demand and the designation of arbitrators.
While CPLR 6301, in authorizing preliminary injunctions speaks of the granting of such relief in a "pending action,” the proceedings before this court are more firmly based upon the provisions of CPLR 7501. That section while conferring jurisdiction on the court to enforce arbitration awards makes clear that in so doing, the court will not pass upon the merits of the dispute. A situation similar to ours was presented to Mr. Justice Conway in the case of Tryan Vending Inds. v Maple Lanes (NYLJ, Sept. 25, 1964, p 16, col 5) where a threatened transfer of real property pending a determination by arbitrators, was enjoined with the following comments: "I am not attempting to determine the extent of Maple’s obligations at this time. The contract provides that disputes arising out of the September 24 agreement are to be determined by arbitration * * * I am merely finding that Maple is bound under the September 24 contract and that all controversies thereunder are to be submitted to arbitration, as therein provided for. The cause of action for an injunction to restrain Maple pending the determination of the Arbitrator, as prayed for in paragraph c(l) of the Complaint is sustained. I find that plaintiffs would be irreparably damaged unless the defendant is so enjoined and that the plaintiffs have no adequate remedy at law.”
It appears to me that the sole question for this court to decide is whether or not, during the period preceding the appointment of the arbitrators, petitioners will sustain irreparable damage from a transfer or encumbering of the property involved. Were the court to deny such relief, it might well *349 render the subsequent determination by the arbitrator nugatory since the underlying contract involves interests in real property, petitioners who looked forward to acquiring a one-third interest in said property would have no adequate remedy at law. To the extent that relief of this kind may be granted under circumstances of stringency, the Supreme Court has inherent jurisdiction. As already indicated injunctive relief has been sought here under CPLR article 75 and not under article 63. See E. F. Hutton & Co. v Bokelmann (56 Misc 2d 910, 911), where it was stated: "A question remains whether stay may be sought pursuant to the provisions of CPLR 7503 * * * At this posture defendant should not be left without remedy in the premises * * * The court may, in the meantime, grant provisional remedy or temporary injunctive relief.”
It is of interest also that the Commercial Arbitration Rules of the American Arbitration Association in effect March 1, 1977 provide: "No judicial proceedings by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party’s right to arbitrate,” the intent being to permit provisional statutory remedies in court without affecting the agreement to arbitrate the underlying dispute.
While the court is satisfied that the conveyance of the real property underlying the dispute between the parties, pending the designation of arbitrators, would clearly amount to an irreparable injury, the court is concerned only with preserving the status quo. The granting of relief to petitioners will be limited to proposed transfers of the property or the placing by respondents of additional encumbrances thereon. The balance of the relief granted temporarily to petitioners in the ex parte order dated May 2, 1978 will be denied without prejudice to the renewal of such application before the arbitrators. The court will also make part of the order to be entered hereon, a provision that in the event petitioners unreasonably delay the arbitration proceedings, respondents may apply upon notice to terminate the injunction.