■ HAULAGE ENTERPRISES CORPORATION, Respondent, v HEMPSTEAD RESOURCES RECOVERY CORPORATION et al., Appellants, et al., Defendant.—In an action, *inter alia,* to recover damages for breach of contract and for injunctive relief, defendant Hempstead Resources Recovery Corporation appeals from so much of (1) an order of the Supreme Court, Nassau County, dated October 16, 1979, as granted plaintiff's motion for a preliminary injunction conditioned upon the filing of an undertaking of $100,000 and (2) a further order of the same court, dated October 18, 1979, as, upon reargument, adhered to its original determination except that it reduced the amount of the undertaking to $25,000. Defendant Island Salvage Haulers Corp. appeals from the same orders. Appeals by Island Salvage Haulers dismissed, without costs or disbursements, for failure to perfect in accordance with the rules of this court (see *Howe Ave. Nursing Home v Nafus,* 54 AD2d 686). Appeal by Hempstead Resources Recovery from the order dated October 16, 1979 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. On appeal by Hempstead Resources Recovery, order dated October 18, 1979 modified by (1) adding thereto, immediately after the provision adhering to the original determination, a provision deleting the first, second and third decretal paragraphs of the order dated October 16, 1979, and (2) deleting from the order dated October 18, 1979 the provision reducing the undertaking to $25,000, and substituting therefor a provision denying plaintiff's motion for a preliminary injunction. As so modified, said order affirmed insofar as appealed from, without costs or disbursements. Plaintiff, Haulage Enterprises Corporation (HEC), entered into a haulage agreement with defendant Hempstead Resources Recovery Corporation (HRR) for the cartage of certain metallic and glass refuse and ash residue from the latter's plant to several designated areas. The contract provided for a termination procedure in the event that, *inter alia,* HEC fails to perform for five calendar days without curing such defect upon three days' notice. An exception to this termination clause is if nonperformance is caused by a *force majeure* (war, riot, act of God, etc.) or labor unrest. If the *force majeure* or labor unrest prevents performance for a period exceeding three continuous months, HRR may terminate. On or about June 20, 1979, a labor dispute arose at the HRR facility. This apparently resulted in the failure of HEC to perform because its drivers were allegedly unwilling to cross a picket line. On or about June 25, 1979, HRR notified HEC to immediately reinstate service or all necessary steps, including termination of the contract, would be taken. A letter from HRR to HEC, dated June 27, 1979, refers to the termination of the contract. Unable to successfully renegotiate a new agreement with HEC, HRR entered into a haulage agreement with defendant Island Salvage Haulage Corporation. Subsequently, HEC commenced the instant action seeking, *inter alia,* money damages and injunctive relief. The first cause of action is against HRR for $70,000, representing the balance due for services performed in the months of May and June, 1979. The second cause of action against HRR is for $400,000, representing the cost of equipment which will have to be sold at a loss due to HRR's alleged breach of contract. The third cause of action

against HRR is for breach of contract and seeks 1.5 million dollars in damages. The fourth cause of action against HRR is to permanently enjoin it from entering into any agreement with any other party to do the afore-mentioned haulage. The remaining causes of action are not pertinent to this appeal. The plaintiff moved at Special Term for a preliminary injunction and HRR cross-moved, *inter alia,* to compel arbitration based upon that clause of the contract which provides that "All disputes arising out of this Agreement, its interpretation, performance or breach shall be submitted to arbitration". HRR's cross motion to compel arbitration was granted as was plaintiff's application for a preliminary injunction. Upon reargument, the amount of the undertaking was reduced from $100,000 to $25,000. HRR now appeals from so much of the orders as granted the preliminary injunction. Upon review, we agree that it was an improvident exercise of discretion to grant injunctive relief against HRR. It is manifest that the gravamen of this action is HRR's allegedly improper termination of the haulage agreement. Without intending to minimize the plaintiff's claims, the instant dispute constitutes a basic breach of contract action. If successful, HEC's damages are readily cognizable and may be fully recompensed with a monetary award. HRR does not continue to threaten or prejudice any rights of HEC which do not stem from the initial termination of the agreement. Any continued breach by HRR may be fully redressed by monetary damages as exemplified by the cause of action seeking 1.5 million dollars for breach of contract. As such, it is evident that HEC has failed to establish irreparable injury and inadequacy of a legal remedy and, therefore, it was improper to grant the preliminary injunction. Furthermore, in the circumstances of this case, where there is no immediate and compelling need for a court to exercise its equity jurisdiction (cf. *Wulff & Co. v Margulies,* 94 Misc 2d 847), and the court having granted HRR's cross motion to compel arbitration, it was improvident to grant the preliminary injunction thereby impinging upon the arbitrator's authority to determine the appropriateness of provisional remedies (see *Park City Assoc. v Total Energy Leasing Corp.,* 58 AD2d 786). We note that were we not dismissing the appeals by Island Salvage Haulage, we would have affirmed Special Term's denial of its motion to dismiss certain causes of action and for partial summary judgment. Gibbons, J. P., Rabin, Gulotta and Cohalan, JJ., concur.