OPINION OF THE COURT
Martin B. Stecher, J.
Petitioners (the self-described “claimants”) move for a preliminary injunction (CPLR 6301) enjoining respondents, pending arbitration, from soliciting Brooks Securities, Inc.’s customers; from advising such customers that petitioners are out of business; and from appropriating or using confidential customer lists to solicit Brooks’ clients.
Brooks, a member of the National Association of Securities Dealers (NASD), employed respondent Brent as a registered representative between February and July 1984. During Brent’s employment with Brooks, Brent obtained confidential and proprietary business information including lists of Brooks’ clients, sales commissions, fees and investors. At the time of employment, he signed an employment agreement containing a restrictive covenant concerning the use of these confidential materials.*
*876 Upon Brent’s resignation from Brooks, he was employed, by respondent Vanderbilt Securities, Inc., another member of the National Association of Securities Dealers. It appears that clients of Brooks were solicited by mail by Brent on behalf of Vanderbilt, that these solicitations contained representations that the clients’ registered representative had changed firms. Some of the clients solicited were not Brent’s clients but were clients of two principals of Brooks Securities. It is also alleged that Brooks’ clients were approached by Brent and told that the Brooks firm was going out of business, that it was under investigation by the-regulatory authorities and that one of their under-writings had gone bankrupt.
Thereafter, Brooks Securities approached Vanderbilt and requested that these solicitations cease. While Vanderbilt indicated it would not continue these actions, further incidents came to Brooks’ attention. Brooks then commenced an arbitration before the National Association of Securities Dealers. Brooks seeks, pending arbitration, to enjoin Vanderbilt and Brent from utilizing the confidential customer lists and from misrepresenting the affiliation of Brooks’ registered representative and whether the firm is still in existence.
Respondents contend that by commencing this NASD arbitration, the petitioners are precluded from seeking relief from this court by way of a provisional remedy. They base this contention on the exclusiveness of the orbital remedy and an NASD rule prohibiting any party to an arbitration from initiating any “suit, action or proceeding” against another party “touching on” the subject matter of the arbitration.
Petitioners, in turn, state in conclusory fashion, and without evidence thereof, that the arbitration panel is not authorized to issue a temporary restraining order or a preliminary injunction. Neither party has provided us with a complete set of the NASD arbitration rules, and except for the petitioners’ allegation that arbitration has been sought, we are uninformed of the status of the arbitration.
Arbitrators have the right to issue permanent injunctions (Matter of Sprinzen [Nomberg], 46 NY2d 623) and conceptually they may issue temporary restraining orders (Shay v 746 Broadway Corp., 96 Misc 2d 346) and preliminary injunctions (see, Haulage Enters. Corp. v Hempstead Resources Recovery Corp., 74 AD2d 863; Park City Assoc. v Total Energy Leasing Corp., 58 AD2d 786) as well. The language of CPLR 7501 prohibiting the *877 court from determining “whether the claim * * * is tenable, or otherwise pass[ing] upon the merits of the dispute” appears to provide no impediment to applying the Albini v Solork Assoc. (37 AD2d 835) test to determine whether or not preliminary relief should be granted (Haulage Enters. Corp. v Hempstead Resources Recovery Corp., supra; Park City Assoc. v Total Energy Leasing Corp., supra). The quoted statutory language, for our purposes, must be deemed limited to applications to compel or prevent the performance of the arbitration agreement.
The prohibition in the NASD rules concerning the commencement of any “suit, action or proceeding” must, on the very limited information provided in this case, be interpreted to refer to the kind of relief which the arbitrator is then empowered to provide. It cannot be deemed to mean, on this scant showing, that a business can be pirated away (if such is going on) while an arbitration panel is being assembled. Wrongs must have remedies (Battalla v State of New York, 10 NY2d 237, 240; Prosser, Torts, at 51 [4th ed]) and remedies should not be denied, leisurely or otherwise, by reason of procedural niceties.
Finally, we come to the provisions of CPLR 6301, allowing the issuance of a preliminary injunction “in any action”. (Inferentially, the same limitation applies to temporary restraining orders [CPLR 6313 (a)].) An arbitration is not an action or a proceeding (see, CPLR 105 [b]), that status having terminated with the adoption of the CPLR (Matter of Board of Educ. [Wager Constr. Corp.], 37 NY2d 283, 287; 8 Weinstein-Korn-Miller, NY Civ Prac H 7502.04).
There is no “proceeding” until the “first application arising out of an arbitrable controversy” (CPLR 7502 [a]) is made to the court. Such applications have been countenanced other than to compel or prevent arbitration or enforce or vacate awards (Matter of Chariot Textiles Corp. [Wannalancit Textile Co. — Kute Kiddies Coats], 18 NY2d 793>. Furthermore, the power of the court “to enforce” the arbitration agreement (CPLR 7501) includes the power to see that the arbitration is not rendered a nullity by reason of orbital and judicial impotence.
On the uncontroverted facts submitted here, temporary restraint to maintain the status quo (Town & Country House & Home Serv. v Newbery, 3 NY2d 554; McRoberts Protective Agency v Lansdell Protective Agency, 61 AD2d 652), at least until an application for a preliminary injunction can be made to the arbitration panel, is indicated (Shay v 746 Broadway Corp., supra). In such fashion the parties’ choice of forum is preserved *878 and that forum’s ability to provide a remedy is likewise preserved.
Accordingly, an order shall be entered, effective for 20 days after service of a copy of the order with notice of entry and 20 days after the notification to the parties of the appointment of the arbitrator or arbitrators, enjoining the respondents and their agents, servants and employees from soliciting petitioners’ customers who were customers during Brent’s employment with petitioners and from appropriating or using cohfidential materials described in the moving papers and which shall be described in the order. During this period petitioners may apply to the arbitrator or arbitrators for continuation of this or for any other interim relief.
Settle order which shall provide for an undertaking to be fixed by the court (CPLR 6312 [b]). Counsel, on settlement of the order, may suggest the amount of the undertaking.

 The agreement contains no arbitration clause. Presumably the respon *876 dents do not raise this issue because respondent Brent was required to “maintain any and all licenses required by the * * * NASD” which, presumably, contains an arbitration clause.