OPINION OF THE COURT
Israel Rubin, J.
Petitioner seeks to enjoin respondent from enforcing an order of the District Rent Administrator pendente lite and pending a final determination by respondent of its petition for administrative review of the subject order. Respondent agency *419 cross-moves, pursuant to CPLR 511, to change venue to Bronx County in accordance with the provisions of the Rent Stabilization Code (9 NYCRR) § 2530.1.
The facts are not in dispute. On November 27, 1987, the District Rent Administrator issued an order decreasing the amount of the legal regulated rent for the subject premises on the ground that petitioner had reduced services to certain apartments. On December 24, 1987, petitioner served its petition for administrative review (PAR) seeking reversal of the order. By letter dated December 23, 1987, petitioner also sought an administrative stay from respondent Division of Housing and Community Renewal (DHCR) pending a determination of its PAR. DHCR declined to stay the effect of the District Rent Administrator’s order and the instant proceeding ensued.
In order to demonstrate eligibility for preliminary injunctive relief, it is essential that petitioner establish a predicate cause of action to which the preliminary relief is ancillary (CPLR 6301, 6312 [a]; Tribune Print. Co. v 263 Ninth Ave. Realty, 88 AD2d 877, 879 [1st Dept 1982]). It is apparent from the petition, however, that the application for a preliminary injunction is not merely incidental to petitioner’s action but constitutes the ultimate relief sought therein. The affidavit of its vice-president states, "I have authorized my attorney to file this CPLR Article 78 proceeding to obtain a stay of the Respondent’s Order No. ZBC630122-B to maintain the status quo until the Respondent determines my PAR.”
It should be evident that the pendency of an application before an administrative agency is not an "action” within the contemplation of CPLR article 63 so as to provide the basis for preliminary relief (see, e.g., Brooks Sec. v Vanderbilt Sec., 126 Misc 2d 875 [1985] [pending arbitration is not "action” or "proceeding”]). In view of petitioner’s characterization of this proceeding as one brought pursuant to CPLR article 78, the question logically arises whether there is any basis whatsoever for judicial review at this time.
Where review of an agency ruling is sought, the general principle is that an article 78 proceeding should not be used to challenge a determination which is not final or which can be reviewed by appeal or reheard by the agency (CPLR 7801 [1]). Some confusion arises, however, because the statute adds to the common-law writs of mandamus, prohibition and certiorari (CPLR 7803 [1], [2], [4], respectively) the hybrid known as *420 mandamus to review (CPLR 7803 [3]). While, traditionally, mandamus (mandamus to compel) will lie in the absence of a final determination (Matter of Pokoik v Department of Health Servs., 119 AD2d 579 [2d Dept 1986]) mandamus to review will not (Siegel, NY Prac § 558, at 779) including, as in the matter at bar, where the agency is empowered to review its determination and has not yet completed that review (Matter of Levy v Huntington Hosp., 45 AD2d 848 [2d Dept 1974]).
Nor may petitioner avail itself of that provision of the Rent Stabilization Law which permits a party to a PAR to deem it denied and bring an article 78 proceeding based on the denial (McKinney’s Uncons Laws of NY § 26-516 [h] [L 1985, ch 907, § 1], [d] [L 1987, ch 600]). The statute expressly permits a party to seek court review only after 90 days have expired following submission of the PAR to respondent which, in this case was December 24, 1987. The order to show cause commencing this proceeding was required to be served on or before February 17, 1988 and, therefore, this application is clearly premature. Moreover, the petition does not seek a review of the merits of DHCR’s determination.
It is obvious that this application lies within the ambit of CPLR article 63 and not, as petitioner asserts, CPLR article 78. It is well settled that to be entitled to a preliminary injunction, the application must demonstrate irreparable injury absent the injunction, a balance of the equities in favor of injunctive relief and a likelihood of success on the merits (Grant Co. v Srogi, 52 NY2d 496, 517 [1981]). It is apparent that the gravamen of petitioner’s dispute with respondent concerns the amount to be charged as rent. If successful on the PAR pending before respondent, petitioner can be fully recompensed by the award of monetary damages (Haulage Enters. Corp. v Hempstead Resources Recovery Corp., 74 AD2d 863 [2d Dept 1980]).
Under the circumstances presented by this matter, petitioner is unable to establish that the injury it might sustain if the injunctive relief is not granted is more burdensome than the harm which the tenants of the subject premises might sustain if the relief were granted (Metropolitan Package Store Assn. v Koch, 80 AD2d 940 [3d Dept 1981]). If an injunction were to issue, the payment of a higher rent by the tenants pending determination of the PAR would be just as burdensome as petitioner’s collection of a lower rent if no injunction issued.
*421 Nor has petitioner demonstrated the likelihood that it will ultimately prevail on the merits. At best, the pleadings reflect a conflict regarding the level of services provided to the affected tenants, and preliminary relief is therefore inappropriate (Delta Franchising v PCP Transmissions, 107 AD2d 734 [2d Dept 1985]).
Petitioner has not demonstrated any exigent circumstances in this matter which operate to remove it from the general rule of administrative finality (CPLR 7801) such as unconstitutional or ultra vires acts, irreparable injury or futility of further proceedings before the agency (Watergate II Apts, v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). Therefore, there is no basis upon which the court may review a clearly interlocutory ruling by the agency. Pursuant to the Rent Stabilization Law § 26-516 (b), DHCR is "empowered to enforce this law and the code by issuing, upon notice and a reasonable opportunity * * * to be heard, such other orders as it may deem appropriate.” The language of this provision is sufficiently broad to encompass a stay of enforcement of an agency order. A court will not intervene to grant equitable relief from an administrative ruling on a matter of discretion unless a clear right to relief is established, the agency has exceeded its jurisdiction and there is no adequate remedy at law (John P. v Axelrod, 105 AD2d 1061 [4th Dept 1984]). In the absence of these criteria, it is appropriate to adopt the rule of arbitration that preliminary relief is the prerogative of the hearing tribunal (see, e.g., Park City Assocs. v Total Energy Leasing Corp., 58 AD2d 786 [1st Dept 1977]; Haulage Enters. Corp. v Hempstead Resources Recovery Corp., supra). Moreover, to invite routine judicial review of interlocutory agency orders would impose a needless additional burden upon the judicial system (Matter of 140 W. 57th St. Corp. v State Div. of Hous. & Community Renewal, 130 AD2d 237, 243-244 [1st Dept 1987]).
In its answering papers, respondent states that if no tenants object, it will not oppose a stay of its order dated November 27, 1987, reducing the legal regulated rent, on the condition that petitioners deposit the disputed portion of rent payments into an escrow account. However, there is no action pending before the court under which relief may be granted. Furthermore, the order to show cause directs that service be made upon the tenants affected by petitioner’s application. Petitioner has neglected to file an affidavit of service, and it is not certain that the tenants are parties to this proceeding. Most *422 significantly, however, respondent agency is empowered to grant the requested stay upon such notice to the affected parties and reasonable opportunity to be heard as it deems appropriate (Rent Stabilization Law § 26-516 [b]). Therefore, there is simply no necessity for judicial intervention to effect a stay under the terms proposed.
Accordingly, the petition is dismissed without prejudice to a renewal of petitioner’s application for a stay before respondent DHCR. The cross motion is denied as moot.