**13-797-cv, 13-2247-cv**
*Goldman, Sachs & Co. v. Golden Empire Sch. Fin. Auth., Citigroup Global Mkts. Inc. v. N.C. E. Mun. Power Agency*

# In the

# United States Court of Appeals

## For the Second Circuit

————

AUGUST TERM, 2013

ARGUED: APRIL 4, 2014
DECIDED: AUGUST 21, 2014

Nos. 13-797-cv, 13-2247-cv

————

GOLDMAN, SACHS & CO.,
*Plaintiff-Appellee,*

*v.*

GOLDEN EMPIRE SCHOOLS FINANCING AUTHORITY, KERN HIGH
SCHOOL DISTRICT,
*Defendants-Appellants.*

————

CITIGROUP GLOBAL MARKETS INC.,
*Plaintiff-Appellee,*

*v.*

NORTH CAROLINA EASTERN MUNICIPAL POWER AGENCY,
*Defendant-Appellant.*

————

Before: KATZMANN, *Chief Judge*, WALKER and DRONEY, *Circuit Judges*.

————

Because these appeals raise the same legal issue, we dispose of them in a single opinion. In each case, the district court granted a financial services firm's motion to enjoin a Financial Industry Regulatory Authority ("FINRA") arbitration brought against the firm by a public financing authority. *Goldman, Sachs & Co. v. Golden Empire Sch. Fin. Auth.*, 922 F. Supp. 2d 435 (S.D.N.Y. 2013); *Citigroup Global Mkts. Inc. v. N.C. E. Mun. Power Agency*, No. 13 CV 1703 (S.D.N.Y. May 10, 2013), ECF No. 29. We agree that in each case, the FINRA arbitration rules have been superseded by forum selection clauses requiring "all actions and proceedings" related to the transactions between the parties to be brought in court. We thus AFFIRM in both appeals.

————

MATTHEW A. SCHWARTZ (David H. Braff, Andrew H. Reynard, *on the brief*), Sullivan & Cromwell LLP, New York, NY, *for Plaintiff-Appellee Goldman, Sachs & Co.*

AUDRA J. SOLOWAY (Brad S. Karp, Andrew J. Ehrlich, *on the brief*), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, *for Plaintiff-Appellee Citigroup Global Markets Inc.*

JAMES R. SWANSON (Alysson L. Mills, *on the briefs*), Fishman Haygood Phelps Walmsley Willis & Swanson, LLP, New Orleans, LA, *for Defendants-Appellants Golden Empire Schools Financing*

*Authority, Kern High School District, and North Carolina Eastern Municipal Power Agency.*

————

JOHN M. WALKER, JR., *Circuit Judge*:

Because these appeals raise the same legal issue, we dispose of them in a single opinion. In each case, the district court granted a financial services firm's motion to enjoin a Financial Industry Regulatory Authority ("FINRA") arbitration brought against the firm by a public financing authority. *Goldman, Sachs & Co. v. Golden Empire Sch. Fin. Auth.*, 922 F. Supp. 2d 435 (S.D.N.Y. 2013); *Citigroup Global Mkts. Inc. v. N.C. E. Mun. Power Agency*, No. 13 CV 1703 (S.D.N.Y. May 10, 2013), ECF No. 29. We agree that in each case, the FINRA arbitration rules have been superseded by forum selection clauses requiring "all actions and proceedings" related to the transactions between the parties to be brought in court. We thus AFFIRM in both appeals.

## BACKGROUND

**I.     *Goldman v. Golden Empire***

Defendants-appellants Golden Empire Schools Financing Authority and Kern High School District (collectively, "Golden Empire") issued approximately $125 million of auction rate

securities ("ARS")[1] in 2004, 2006, and 2007, for which Golden Empire retained plaintiff-appellee Goldman, Sachs & Co. ("Goldman") as an underwriter and broker-dealer. For each ARS issuance, the parties executed both an underwriter agreement, which was silent as to dispute resolution, and a broker-dealer agreement. The 2004 and 2006 broker-dealer agreements included the following forum selection clause:

> The parties agree that all actions and proceedings arising out of this Broker-Dealer Agreement or any of the transactions contemplated hereby shall be brought in the United States District Court in the County of New York and that, in connection with any such action or proceeding, submit to the jurisdiction of, and venue in, such court.

The forum selection clause in the 2007 agreement was the same in all material respects. Each broker-dealer agreement also contained a merger clause stating that it and any other agreements executed in connection with that ARS issuance "contain the entire agreement between the parties relating to the subject matter hereof."

In February 2012, Golden Empire commenced a FINRA arbitration, alleging that Goldman fraudulently induced it to issue the ARS. In June 2012, Goldman brought this action, seeking declaratory and injunctive relief against arbitration. On February 8, 2013, after briefing and argument, the district court (Sullivan, *J.*)

---

[1] "ARS are debt or equity interests issued by various public and private entities and traded through periodic auctions." *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 123 (2d Cir. 2011).

granted Goldman's motion for a preliminary injunction. *Goldman v. Golden Empire*, 922 F. Supp. 2d at 445. The district court concluded that the forum selection clause in the broker-dealer agreements overrode the FINRA rule governing arbitration, and that Goldman was thus likely to succeed on the merits. *Id.* at 439-44. Golden Empire timely appealed from this interlocutory order.

**II.    *Citigroup v. NCEMPA***

The procedural history of the second appeal closely parallels the first. Defendant-appellant North Carolina Eastern Municipal Power Agency ("NCEMPA") retained plaintiff-appellee Citigroup Global Markets Inc. ("Citigroup") to underwrite approximately $223 million of ARS issued in 2004. The parties' broker-dealer agreement contained a forum selection clause and a merger clause identical to those in *Goldman v. Golden Empire*, and the parties' underwriting agreement was similarly silent on dispute resolution.

In December 2012, NCEMPA began a FINRA arbitration in North Carolina, asserting claims against Citigroup in connection with the ARS. In March 2013, Citigroup brought this action seeking declaratory relief and an injunction against arbitration. In May 2013, the district court (Furman, *J.*) granted Citigroup's motion for a preliminary injunction from the bench, noting that the issue was identical to the one raised in *Goldman v. Golden Empire*. Transcript of Oral Argument at 55-68, *Citigroup v. NCEMPA*, No. 13 CV 1703 (S.D.N.Y. May 3, 2013), ECF No. 30. With the parties' consent, the

preliminary injunction was made permanent and final judgment was entered on May 10, 2013. *Citigroup v. NCEMPA*, No. 13 CV 1703 (S.D.N.Y. May 10, 2013), ECF No. 29. NCEMPA timely appealed, and we heard argument in both appeals on April 4, 2014.

**DISCUSSION**

**I.       Jurisdiction and Remedial Authority**

In light of our "obligation to satisfy ourselves that we have jurisdiction," *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 184 (2d Cir. 2006), we first note that this case involves arbitrability under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, which requires an independent basis for subject-matter jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009). In a suit to compel arbitration, we evaluate jurisdiction "by 'looking through' . . . to the parties' underlying substantive controversy." *Id.* at 62. We discern no reason not to apply the logic of *Vaden* equally to actions to enjoin arbitration, so we conclude that subject-matter jurisdiction exists both under 28 U.S.C. § 1331, because the arbitrations involve claims under the Securities Exchange Act of 1934, and under 28 U.S.C. § 1332, because the parties in each case are diverse and over $75,000 is at issue in the underlying arbitrations. *Cf. Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996) (same jurisdictional standards apply in suits to enjoin or compel arbitration); *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) (value of claim for

injunction is "impairment to be prevented"). We have appellate jurisdiction in *Goldman v. Golden Empire* under 9 U.S.C. § 16(a)(2) and 28 U.S.C. § 1292(a)(1), and in *Citigroup v. NCEMPA* under 9 U.S.C. § 16(a)(3) and 28 U.S.C. § 1291.

We also conclude that the District Court for the Southern District of New York had authority to enjoin arbitration in both appeals. Federal courts generally have remedial power to stay arbitration. *See In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 139-41 (2d Cir. 2011). NCEMPA argues, however, that the district court below lacked authority to enjoin its arbitration in North Carolina because the FAA states that compelled arbitration "shall be within the district in which the petition for an order directing such arbitration is filed," 9 U.S.C. § 4, which some district courts have construed to restrict their power to enjoin arbitrations outside that district, *see, e.g.*, *UAL Corp. v. Mesa Airlines, Inc.*, 88 F. Supp. 2d 910, 912-14 (N.D. Ill. 2000). However, the FAA does not restrict the venue for an action to enjoin arbitration, and it is well established that a "court of equity having personal jurisdiction over a party has power to enjoin him from committing acts elsewhere." *Bano v. Union Carbide Corp.*, 361 F.3d 696, 716 (2d Cir. 2004) (quoting *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 647 (2d Cir. 1956)). Moreover, we routinely enjoin out-of-state arbitrations. *See, e.g.*, *In re Am. Exp.*, 672 F.3d at 124 n. 10, 139-43 (expressly enjoining arbitration in Illinois); *see also Wachovia Bank, N.A. v. VCG Special Opportunities*

*Master Fund, Ltd.*, 661 F.3d 164, 174 (2d Cir. 2011) (enjoining FINRA arbitration which was pending in Florida); *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 40 (2d Cir. 2010) (same). Furthermore, the Ninth Circuit has expressly held that a district court may enjoin an arbitration pending outside its own district. *See Textile Unlimited, Inc. v. A..BMH & Co.*, 240 F.3d 781, 784-86 (9th Cir. 2001). We thus proceed to the merits.

## II.    Arbitrability

When reviewing an order granting either a preliminary or a permanent injunction, we review the district court's legal holdings de novo and its ultimate decision for abuse of discretion. *See UBS Fin. Servs., Inc. v. W. Va. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011); *ACORN v. United States*, 618 F.3d 125, 133 (2d Cir. 2010). The issue on appeal is the arbitrability of these disputes under the FAA in light of the all-inclusive forum selection clause signed by the parties, which is a legal question reviewed de novo. *See Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 147 (2d Cir. 2004).

Golden Empire and NCEMPA argue that their disputes are subject to mandatory arbitration before FINRA, a self-regulatory organization with authority to oversee securities firms. *See UBS Fin. Servs.*, 660 F.3d at 648. As FINRA members, Goldman and Citigroup are bound by its rules. *See id.* at 649. FINRA Rule 12200 states that members "must arbitrate a dispute" if arbitration is "[r]equested by the customer" and "[t]he dispute arises in connection with the

business activities of the member." FINRA Rule 12200, *available at* http://finra.complinet.com/en/display/display_main.html?rbid =2403&element_id=4106 (last visited Aug. 20, 2014).

Goldman and Citigroup do not dispute that FINRA Rule 12200 is a written agreement to arbitrate with customers such as Golden Empire and NCEMPA that is "enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see UBS Fin. Servs.*, 660 F.3d at 648-49. Here we must decide whether the forum selection clause executed by the parties in each case, requiring "all actions and proceedings" to be brought in the Southern District of New York, supersedes this agreement.

"[W]hether [similar] forum selection clauses superseded [financial services firms'] obligation to arbitrate under FINRA Rule 12200 . . . has been the subject of litigation in multiple circuits, with decidedly mixed results." *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 736 (9th Cir. 2014). The Ninth Circuit has held that such a forum selection clause supersedes Rule 12200, referencing district court decisions in this Circuit. *Id.* at 743-47 (citing *Goldman, Sachs & Co. v. N.C. Mun. Power Agency No. One*, No. 13 CIV. 1319, 2013 WL 6409348 (S.D.N.Y. Dec. 9, 2013); *Goldman v. Golden Empire*, 922 F. Supp. 2d 435); *see also Citigroup Global Mkts. Inc. v. All Children's Hosp., Inc.*, No. 13 CIV. 8558, 2014 WL 1133401 (S.D.N.Y. Mar. 20, 2014). However, the Fourth Circuit has held that a nearly identical

forum selection clause does not supersede Rule 12200. *See UBS Fin. Servs., Inc. v. Carilion Clinic*, 706 F.3d 319 (4th Cir. 2013); *see also UBS Sec. LLC v. Allina Health Sys.*, No. 12–2090, 2013 WL 500373 (D. Minn. Feb. 11, 2013) (following *Carilion Clinic*).

As explained below, based on this Circuit's precedent, we hold that a forum selection clause requiring "all actions and proceedings" to be brought in federal court supersedes an earlier agreement to arbitrate.[2]

The FAA embodies a "federal policy favoring arbitration." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 302 (2010). Courts thus apply a "presumption of arbitrability," but only if an "enforceable arbitration agreement is ambiguous about whether it covers the dispute at hand." *Id.* at 301. "In other words, while doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration, the presumption does not apply to disputes concerning whether an agreement to arbitrate has been made." *Applied Energetics, Inc. v. NewOak Capital Mkts., LLC*, 645 F.3d 522, 526 (2d Cir. 2011). Because the question presented here concerns whether an arbitration agreement remains in force in light of a later-

---

[2] Of course, there must be an independent basis for federal jurisdiction, as "consent of a party is . . . wholly insufficient to create subject-matter jurisdiction." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 127-28 (1996). We need not determine now how the forum selection clause should be interpreted if federal subject-matter jurisdiction is absent.

executed agreement, the presumption does not apply.[3] In this Circuit, an agreement to arbitrate is superseded by a later-executed agreement containing a forum selection clause if the clause "specifically precludes" arbitration, *Bank Julius Baer & Co. v. Waxfield Ltd.*, 424 F.3d 278, 284 (2d Cir. 2005) (quoting *Pers. Sec. & Safety Sys. v. Motorola*, 297 F.3d 388, 396 n. 11 (5th Cir. 2002)), but there is no requirement that the forum selection clause mention arbitration, *see Applied Energetics*, 645 F.3d at 525.

In *Bank Julius*, we held that an arbitration agreement was not superseded by an agreement providing that a bank's customer "submits to the jurisdiction of any New York State or Federal court" and "agrees that any Action *may* be heard" in such court. 424 F.3d at 282 (emphasis in original). The subsequent agreement also was "not exclusive of any rights or remedies provided under any other agreement." *Id.* We held that this agreement should be read "as complementary to [the] agreement to arbitrate," such that "[the parties] are [still] required to arbitrate their disputes, but that to the extent the Bank files a suit in court in New York [such as] to enforce an arbitral award . . . [the customer] will not challenge either jurisdiction or venue." *Id.* at 285.

---

[3] To the extent our decision in *Bank Julius Baer & Co. v. Waxfield Ltd.*, 424 F.3d 278 (2d Cir. 2005), suggested otherwise, it is no longer good law in the wake of the Supreme Court's subsequent decision in *Granite Rock*. *See Applied Energetics, Inc.*, 645 F.3d at 526.

In contrast, in *Applied Energetics*, we held that an arbitration agreement was superseded by an agreement stating that "[a]ny dispute arising out of this Agreement shall be adjudicated in" New York courts, and that the agreement and related documents (not including the earlier arbitration agreement) "constitute the entire understanding and agreement" of the parties with respect to the securities at issue. 645 F.3d at 523-24. Unlike in *Bank Julius*, the subsequent agreement "'specifically preclude[d] arbitration," even though it did not mention arbitration, because the forum-selection clause was "all-inclusive" and "mandatory." *Id.* at 525.

The forum selection clause at issue in the present appeals is indistinguishable from that in *Applied Energetics* because it states that "all actions and proceedings . . . shall be brought" in the Southern District of New York. Unlike the clause in *Bank Julius*, which simply waived objection to jurisdiction in New York, the clause here is all-inclusive and mandatory. And as in *Applied Energetics*, the later-executed agreements have a merger clause stating that they "contain the entire agreement between the parties relating to the subject matter hereof." These provisions require that disputes arising out of the broker-dealer agreements be adjudicated in the Southern District of New York, and they thus supersede the background FINRA arbitration rule. *See also Goldman v. City of Reno*, 747 F.3d at 744 ("[T]he forum selection clauses need only be sufficiently specific to impute to the contracting parties the reasonable expectation that

they would litigate any disputes in federal court, thereby superseding . . . [the] default obligation to arbitrate under FINRA Rule 12200." (citing *Applied Energetics*, 645 F.3d at 525-26)).

Golden Empire and NCEMPA offer two principal arguments to the contrary. First, they argue that the broker-dealer agreements do not cover their entire relationships with Goldman and Citigroup, respectively, because the financial services firms had already provided numerous services related to the ARS issuances (including services at issue in the FINRA arbitrations) by the time the broker-dealer agreements were signed. But the broadly worded forum selection clause encompasses "all actions and proceedings arising out of . . . any of the transactions contemplated" by the broker-dealer agreements, which plainly include Golden Empire's and NCEMPA's ARS issuances. Each of the four broker-dealer agreements at issue (the three signed by Golden Empire and Goldman in 2004, 2006, and 2007, and the one signed by NCEMPA and Citigroup in 2004) begins with the statement: "WHEREAS, the [public financing authority] is issuing [a certain dollar amount] of . . . []ARS Bonds . . . ."

Second, Golden Empire and NCEMPA argue that the phrase "all actions and proceedings" does not include arbitrations, so that the forum selection clause here is narrower than that at issue in *Applied Energetics*, which referred to "[a]ny dispute." They note that New York law governs the broker-dealer agreements and point to two lower New York court decisions stating that "[a]n arbitration is

not considered an action or a proceeding" under the N.Y. C.P.L.R.'s forms of procedure. *Int'l Union of Operating Eng'rs, Local No. 463 v. City of Niagara Falls*, 743 N.Y.S.2d 236, 238 (Sup. Ct. 2002); *J. Brooks Sec., Inc. v. Vanderbilt Sec., Inc.*, 484 N.Y.S.2d 472, 474 (Sup. Ct. 1985).

However, the broker-dealer agreement does not suggest that it is limited to civil actions contemplated by the C.P.L.R., and we must interpret "all actions and proceedings" based on its plain meaning "as generally understood." *Random House, Inc. v. Rosetta Books LLC*, 283 F.3d 490, 492 (2d Cir. 2002). Arbitrations are regularly described as "proceedings" by the United States Supreme Court, our Circuit, New York state courts, the C.P.L.R., and the FINRA rules. *See, e.g., Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 634 (1985) ("arbitral body conducting a proceeding"); *Citigroup v. VCG*, 598 F.3d at 32 ("arbitration proceedings"); *City of N.Y. v. Uniformed Fire Officers Ass'n, Local 854, IAFF, AFL–CIO*, 699 N.Y.S.2d 355, 357 (App. Div. 1999) (referring to arbitration as "the proceeding") (quoting *Wertlieb v. Greystone P'ships Grp.*, 569 N.Y.S.2d 61, 62 (App. Div. 1991)); N.Y. C.P.L.R. § 7505 ("arbitration proceeding"); FINRA Rule 12405 (referring to Rule 12200 arbitration as "the proceeding"), available at http://finra.complinet.com/en/display/display.html?rbid=2403&element_id=4146 (last visited Aug. 20, 2014). Even Golden Empire's and NCEMPA's own statements of claim before FINRA used the terms "action" and "proceeding" to describe the arbitrations they were

commencing. It seems plain that the general understanding of "actions and proceedings" encompasses arbitrations.

We thus disagree with the contrary conclusion reached by the Fourth Circuit in *Carilion Clinic*. The Fourth Circuit reasoned that if "all actions and proceedings" includes arbitration proceedings, then "the paragraph becomes nonsensical" because it would require an arbitration proceeding to be "brought" in federal court. 706 F.3d at 329. But as district court judges in this Circuit have noted, "this is 'little more than a linguistic trick.'" *Citigroup v. All Children's*, 2014 WL 1133401, at *3 (quoting *Golden Empire*, 922 F. Supp. 2d at 442). State court proceedings also cannot be "brought" in federal court, but it is undisputed that they are encompassed within "all actions and proceedings." The Fourth Circuit also "expect[ed] that a clause designed to supersede, displace, or waive arbitration would mention arbitration," *Carilion Clinic*, 706 F.3d at 329, but that is not the law of this Circuit, *see Applied Energetics*, 645 F.3d at 525-26. Under our precedent, the forum selection clause at issue in these cases is plainly sufficient to supersede FINRA Rule 12200.

## CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court in both appeals.