14-3014-cv
*ATD Group v. Citigroup, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand fifteen.

Present:
        ROBERT A. KATZMANN,
                *Chief Judge*,
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges*.

_____

GARY L. BURGESS, JOSEPH ICON,

        *Plaintiffs-Appellants*,

ATD GROUP, TILLIE SALTZMAN, individually and on behalf of all others similarly situated, PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION OF COLORADO, TENNESSEE CONSOLIDATED RETIREMENT SYSTEM, SJUNDE AP-FONDEN, FJARDE AP-FONDEN, PENSIONSKASSERNES ADMINISTRATION A/S, JOHN A. BADEN, WARREN PINCHUK, ANTHONY SEDUTTO, EDWARD CLAUS, CAROL WEIL, MARK C. WELDON, LENNARD HAMMERSCHLAG,

        *Plaintiffs-Appellees*,

No. 14-3014-cv

v.

CITIGROUP INC., CHARLES O. PRINCE, ROBERT E.
RUBIN, STEPHEN R. VOLK, SALLIE L. KRAWCHECK,
GARY L. CRITTENDEN, ROBERT DRUSKIN, TODD S.
THOMSON, THOMAS G. MAHERAS, MICHAEL
STUART KLEIN, DAVID C. BUSHNELL, JOHN C.
GERSPACH, VIKRAM PANDIT, C. MICHAEL
ARMSTRONG, ALAIN J.P. BELDA, GEORGE DAVID,
KENNETH T. DERR, JOHN M. DEUTCH, ROBERT
HERNANDEZ RAMIREZ, ANN DIBBLE JORDAN,
KLAUS KLEINFELD, ANDREW N. LIVERIS, DUDLEY
C. MECUM, ANNE M. MULCAHY, RICHARD D.
PARSONS, JUDITH RODIN, Doctor, ROBERT E.
RUBIN, ROBERT L. RYAN, FRANKLIN A. THOMAS,
WINFRIED BISCHOFF, WILLIAM R. RHODES,
STEVEN J. FREIBERG, MICHAEL S. HELFER,
LEWIS KADEN,

        *Defendants-Appellees*,[1]

| For Plaintiffs-Appellants: | RONALD M. GREENSPAN, Coral Gables, FL, |
| --- | --- |
| For Defendants-Appellees: | JANE B. O'BRIEN (Brad S. Karp, Susanna M. Buergel, *on the brief*), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Stein, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants appeal from a July 21, 2014 judgment of the United States District Court for the Southern District of New York (Stein, *J.*) granting Appellees' motion for a permanent

---

[1] The Clerk of the Court is directed to amend the caption to conform with the above.

2

injunction, enjoining Appellants from pursuing the Financial Industry Regulatory Authority ("FINRA") arbitration captioned *Gary L. Burgess & Joseph Icon v. Citigroup, Inc., et al.*, FINRA Case No. 13-03237 ("FINRA Proceeding"). Appellants contend that the district court abused its discretion in enjoining the FINRA Proceeding because (1) Appellants were not a part of a prior securities class action settlement that the district court held precludes the FINRA Proceeding; (2) the FINRA Proceeding claims are outside the scope of the prior securities class action settlement's release; (3) the FINRA Proceeding claims were not adequately addressed by the lead plaintiffs in the settled securities class action; (4) the securities class action Class Notice did not satisfy the requirements of due process; and (5) the parties had previously stipulated that arbitration would be the exclusive forum for all employment-related disputes. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

We review a district court's decision to issue a permanent injunction for abuse of discretion. *See Goldman, Sachs & Co. v. Golden Empire Sch. Fin. Auth.*, 764 F.3d 210, 214 (2d Cir. 2014).

First, the district court did not abuse its discretion in determining that Appellants failed to exclude themselves from the prior securities class action settlement. The district court required class members opting out to provide:

> [T]he date(s), price(s) and number of shares of Citigroup common stock that the person . . . requesting exclusion purchased or otherwise acquired and sold during the period February 26, 2007 through and including July 17, 2008; . . . the number of shares held at the start of the Class Period; . . . [and] the number of shares held through the close of trading on July 17, 2008.

J.A. 150. The district court further noted that "Request[s] for Exclusion shall not be valid and effective unless [they] provide[] all the information [above] . . . ." *Id*. Icon never filed any

3

requests for exclusion, but rather participated in the settlement and submitted a proof of claim in which he expressly "acknowledge[d] full and complete satisfaction of, and [thereby] fully, finally, and forever release[d], relinquishe[d] and discharge[d] (i) all Released Claims." J.A. 315. And although Burgess filed requests for exclusion, they failed to provide the required information, and his exclusion requests were rejected.[2] While failure to timely opt out may be excused upon a finding of excusable neglect, in determining whether excusable neglect exists, "we will reverse only if we have a definite and firm conviction that the court below committed a clear error of judgment in the conclusion that it reached upon a weighing of the relevant factors." *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 129 (2d Cir. 2011). Those factors are:

> (1) "the danger of prejudice" to the party opposing the extension; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control" of the party seeking the extension; and (4) whether the party seeking the extension "acted in good faith."

*Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). However, "the ultimate determination depends upon a careful review of 'all relevant circumstances.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). Here, no such clear error of judgment occurred, especially where Burgess was responsible for his own failure to timely opt out.

Second, the district court did not abuse its discretion in determining that the FINRA Proceeding arises out of the same facts and circumstances as the claims asserted in the prior securities class action. In addition to the released claims presented directly in a class action complaint, "[a]ny released claims not presented directly in [a class action] complaint . . . must be

---

[2] Although the Claims Administrator attempted to inform Burgess of the deficiency of his exclusion request via letter, the address Burgess provided on his exclusion request was incorrect, and thus Burgess never received the letter.

4

'based on the identical factual predicate as that underlying the claims in the settled class action.'" *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 248 (2d Cir. 2011) (quoting *TBK Partners, Ltd. v. W. Union Corp.*, 675 F.2d 456, 460 (2d Cir. 1982)). Here, the district court correctly found that the claims asserted in the FINRA Proceeding arise out of the identical factual predicate as that in the prior settled securities class action. Specifically, Appellants and other class members were harmed by their receipt of overvalued Citigroup common stock, in part from equity compensation for employment, which was overvalued as a result of alleged misrepresentations concerning Citigroup's exposure to toxic assets. Indeed, each of the nine counts set forth in the FINRA Proceeding's Statement of Claim is expressly premised on the theory that Citigroup's stock price was inflated by "belated and continuous disclosures and concealment" or "continuous misstatements and omissions." J.A. 286–98. Admittedly, additional facts were alleged in the FINRA Proceeding which were not at issue in the securities class action. And distinct claims that depend "'upon proof of further facts'" constitute a "'separate factual predicate.'" *TBK Partners*, 675 F.2d at 462 (quoting *Nat'l Super Spuds, Inc. v. N.Y. Merchantile Exch.*, 660 F.2d 9, 18 & n.7 (2d Cir. 1981)). Appellants point to the following additional facts: (1) the Defendants-Appellees terminated and then rehired the Appellants after the Class Period to void certain stock options, and (2) the existence of massive outflows of financial advisors and clients. But these additional facts, while certainly highlighting the specific form of harm and lost compensation to the Appellants as a result of their status as employees of the Defendants-Appellees, from the Defendants-Appellees' alleged misrepresentations and omissions, were not allegations that the FINRA Proceeding's claims depended upon for proof of the Defendants-Appellees' liability, and thus do not constitute a separate factual predicate.

5

Third, Appellants' collateral attack to the adequacy of representation by lead plaintiffs in the prior securities class action fails. The interests of lead plaintiffs and Appellants are aligned because both were interested in recovery from losses due to Citigroup's toxic investments. *See, e.g.*, *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 113 (2d Cir. 2005) ("[A]dequate representation of a particular claim is determined by the alignment of interests of class members . . . ."); *In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ 3288 (DLC), 2007 WL 1946685, at *7 (S.D.N.Y. July 5, 2007) ("The interests of named plaintiffs and class members were aligned insofar as the interest was recovery from losses from investments in WorldCom securities."). The fact that Appellants' acquisition of Citigroup stock resulted from equity compensation for employment, whereas lead plaintiffs acquired their shares independently from an employment relationship, is of no import. *See, e.g.*, *Wolfert ex rel. Estate of Wolfert v. Transamerica Home First, Inc.*, 439 F.3d 165, 173 (2d Cir. 2006) ("[N]ot every variation between the interests of an absent class member and those of the class generally will render the class representatives inadequate.").

Fourth, the Appellants failed to raise in the district court, and therefore have waived on appeal, the contention that the Class Notice failed to comport with due process for not adequately informing class members that employment and post-Class Period claims would be released by the class settlement. *See, e.g.*, *Kurtz v. Verizon N.Y., Inc.*, 758 F.3d 506, 515 n.3 (2d Cir. 2014). Appellants also contend that the Class Notice failed to comport with due process by not adequately informing class members that pre-Class Period claims would be released. However, the language of the Class Notice, in the section titled "'Released Claims' means" clearly states that the scope of the release relates "to investments in (including, but not limited

6

to, purchases, sales, exercises, and decisions to hold) Citigroup common stock through April 18, 2008, inclusive." J.A. 147.

Fifth, the district court correctly found that the securities class action settlement superseded any prior existing agreement to arbitrate claims arising out of the Appellants' employment. "[W]here a party initially consents . . . to arbitrate certain types of claims, but later enters into a settlement agreement that releases claims that had been subject to the initial consent to arbitrate, the claims that have been released by such a settlement are no longer subject to arbitration." *In re Am. Express*, 672 F.3d at 133. Because the Appellants failed to opt out of the class, they are bound by the class settlement and release.

We have considered all of the Appellants' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

7